# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 145

State of North Dakota,                                      Plaintiff and Appellee

v.

Cody Michael Atkins,                                      Defendant and Appellant

No. 20180411

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Meredith H. Larson, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

Scott O. Diamond, Fargo, ND, for defendant and appellant; submitted on brief.

**McEvers, Justice.**

[¶1]　Cody Michael Atkins appeals from a district court order denying his motion to withdraw his guilty plea and his motion for a new trial.　Atkins argues the district court erred by (1) classifying his motion to withdraw his guilty plea as a post-conviction relief proceeding, and (2) finding he was procedurally barred from raising his N.D.R.Crim.P. 11 claims under misuse of process and res judicata.　Atkins also argues the district court abused its discretion by finding he did not meet the burden required to show the existence of newly discovered evidence in his motion for a new trial.　We affirm.

I

[¶2]　In March 2015, Atkins pleaded guilty to gross sexual imposition.　In June 2015, Atkins was sentenced to 20 years imprisonment with the North Dakota Department of Corrections, with five years suspended for a period of 10 years of supervised probation with credit for time served.

[¶3]　In July 2015, Atkins directly appealed the criminal judgment, seeking to withdraw his guilty plea, alleging (1) ineffective assistance of counsel, and (2) the district court's failure to substantially comply with N.D.R.Crim.P. 11, resulting in a manifest injustice.　This Court affirmed the criminal judgment in *State v. Atkins*, 2016 ND 13, ¶ 10, 873 N.W.2d 676, and declined to address Atkins' argument that he should be permitted to withdraw his guilty plea, holding the issue was inappropriate for appeal because Atkins failed to move the district court to withdraw his guilty plea. *Id.* at ¶ 5.　This Court addressed Atkins' ineffective assistance of counsel claim, holding there was insufficient evidence in the record on direct appeal to show Atkins' counsel was plainly defective and citing *State v. Strutz*, 2000 ND 22, ¶ 26, 606 N.W.2d 886, for the proposition: "When the record on direct appeal is inadequate to

determine whether the defendant received ineffective assistance, the defendant may pursue the ineffectiveness claim at a post-conviction proceeding where an adequate record can be made." *Atkins*, at ¶ 9.

[¶4] In March 2016, Atkins filed his first application for post-conviction relief. He sought relief on three grounds: (1) evidence not previously heard, (2) denial of effective assistance of counsel, and (3) conviction obtained by use of coerced confession. The district court dismissed the action. Atkins did not appeal the dismissal.

[¶5] In September 2016, Atkins filed his second application for post-conviction relief, again alleging ineffective assistance of counsel. The State moved to dismiss the application, arguing Atkins failed to provide evidentiary support for his claim, and the district court granted the motion. Atkins appealed the court's order, and this Court affirmed, concluding Atkins was put to his proof when the State moved for summary dismissal and that he failed to present any competent evidence raising an issue of material fact. *Atkins v. State*, 2017 ND 290, ¶ 11, 904 N.W.2d 738.

[¶6] In July 2017, Atkins filed a motion under N.D.R.Crim.P. 35(a), arguing he was entitled to relief because he was precluded from using the internet as part of his probationary conditions. The State opposed the motion, and the district court denied the motion, finding Atkins' motion was his "third post-conviction request for relief," and the condition of his probation limiting his internet access was a "valid, reasonable condition which does not violate Atkins' First Amendment rights."

[¶7] In November 2017, Atkins filed a motion to dismiss the gross sexual imposition charge because the prosecution failed to seize, try, and prosecute in accordance with constitutional law. The State opposed the motion, arguing Atkins' motion was unsupported by facts or legal argument. The district court denied the motion.

[¶8] In February 2018, Atkins moved to "vacate" his guilty plea. Atkins alleged he was misinformed by his attorney when deciding to plead guilty. In March 2018, Atkins moved for a new trial, alleging the existence of newly discovered evidence,

2

including: (1) text messages; (2) a sexual assault kit; (3) the credibility of the State's witnesses; and (4) evidence tampering by the State. Atkins argued the newly discovered evidence was exculpatory. Atkins' court-appointed counsel later filed a supplemental brief on both motions further outlining his grounds for relief, adding the allegation that the district court failed to comply with N.D.R.Crim.P. 11 in support of his motion to withdraw his guilty plea. Atkins submitted 7 exhibits along with his motions including a print-out of the alleged newly discovered text messages and transcripts from the 2015 hearings. A hearing was held on the motions and Atkins testified. On October 31, 2018, the court issued an order classifying Atkins' motions as an action for post-conviction relief under this Court's decision in *State v. Gress*, 2011 ND 233, 807 N.W.2d 567, and denying Atkins relief, concluding his attempt to withdraw his guilty plea was procedurally barred by abuse of process and res judicata, and his motion for a new trial based on claims of newly discovered evidence did not meet the four-part test to qualify as newly discovered evidence.

II

[¶9] Atkins argues the district court erred by applying civil post-conviction affirmative defenses to his criminal law motions filed in his criminal case. The State argues the court correctly relied upon *Gress*, 2011 ND 233, in finding Atkins' motions should be treated as a post-conviction relief proceeding.

[¶10] In *Gress*, 2011 ND 233, the defendant pleaded guilty to two counts of aggravated assault and two years later, applied for post-conviction relief. *Id.* at ¶ 2. The district court denied his application, and the defendant did not appeal. *Id*. Three years later, the defendant moved "to suspend his sentence pursuant to N.D.R.Civ.P. Rule 60(b)(6) . . . [a]lternatively, . . . to withdraw his unconstitutional plea-agreement," and the court denied the motion. *Id*. at ¶ 3. On appeal this Court held that although the motion was not titled as an application for post-conviction relief, the defendant had already previously filed an application for post-conviction relief and therefore this Court considered the motion as a second application for post-conviction

3

relief. *Id.* at ¶ 6. Similar to the defendant in *Gress*, Atkins did not title his motion as an application for post-conviction relief, but he had already previously filed two applications for post-conviction relief prior to filing the motion to withdraw his guilty plea.

[¶11] Rule 11(d)(2), N.D.R.Crim.P., provides: "[u]nless the defendant proves that withdrawal is necessary to correct a manifest injustice, the defendant may not withdraw a plea of guilty after the court has imposed sentence." "When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d)." *Mackey v. State*, 2012 ND 159, ¶ 11, 819 N.W.2d 539 (relying on *Eaton v. State*, 2011 ND 35, ¶ 5, 793 N.W.2d 790 (quoting *Patten v. State*, 2008 ND 29, ¶ 14, 745 N.W.2d 626)). We have previously held the remedies under the Rules of Criminal Procedure and the Uniform Postconviction Procedure Act provide similar remedies and co-exist for similar purposes. *See State v. McClary*, 2016 ND 31, ¶ 7, 876 N.W.2d 29 (comparing remedies under N.D.R.Crim.P. 35(a) to correct an illegal sentence to similar provision under N.D.C.C. § 29-32.1-01(1)(a)). We have also held that even when a motion following conviction is denominated as a motion under the North Dakota Rules of Criminal Procedure, the provisions of the Uniform Postconviction Procedure Act, N.D.C.C. ch. 29-32.1, are applicable. *McClary*, at ¶ 7 (relying on *State v. Johnson*, 571 N.W.2d 372, 374-75 (N.D. 1997) holding second Rule 35(a) motion to correct an illegal sentence was barred by misuse of process). The parallel statutory provision to Rule 11(d) is N.D.C.C. § 29-32.1-01(1)(h), which provides relief when: "[t]he conviction or sentence is otherwise subject to collateral attack upon any ground of alleged error before July 1, 1985, under any common law, statutory or other writ, motion, proceeding, or remedy." A defendant, prior to 1985, could move to withdraw a guilty plea under N.D.R.Crim.P. 32(d) to correct a manifest injustice. While the provisions have been modified and moved to N.D.R.Crim.P. 11(d) in 2010, the remedy itself remains the same. Section 29-32.1-01(4), N.D.C.C., further provides:

A proceeding under this chapter is not a substitute for and does not affect any remedy incident to the prosecution in the trial court or direct review of the judgment of conviction or sentence in an appellate court. Except as otherwise provided in this chapter, a proceeding under this chapter replaces all other common law, statutory, or other remedies available before July 1, 1985, for collaterally challenging the validity of the judgment of conviction or sentence. It is to be used exclusively in place of them. A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence.

A plain reading of this provision is that the Uniform Postconviction Procedure Act is to be used exclusively in place of other remedies collaterally challenging the judgment of conviction. We hold that a defendant may not avoid the procedures of the Uniform Postconviction Procedure Act by designating his motion under a rule of criminal procedure or by filing his motion in his criminal file, rather than filing as a new action for post-conviction relief. We agree with the district court and consider this motion as a third application for post-conviction relief.

III

[¶12] Having concluded the district court properly treated Atkins' motions as an application for post-conviction relief, we next review whether the court erred in finding Atkins' claims were procedurally barred. We have stated:

Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. The petitioner bears the burden of establishing grounds for post-conviction relief. When we review a district court's decision in a post-conviction proceeding, questions of law are fully reviewable. The district court's findings of fact in a post-conviction proceeding will not be disturbed on appeal unless they are clearly erroneous under N.D.R.Civ.P. 52(a). A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made.

5

*Curtiss v. State*, 2016 ND 62, ¶ 7, 877 N.W.2d 58 (internal citations and quotations omitted). "Post-conviction proceedings are not intended to allow defendants multiple opportunities to raise the same or similar issues, and defendants who inexcusably fail to raise all of their claims in a single post-conviction proceeding misuse the post-conviction process by initiating a subsequent application raising issues that could have been raised in the earlier proceeding." *Steen v. State*, 2007 ND 123, ¶ 13, 736 N.W.2d 457 (quoting *Jensen v. State*, 2004 ND 200, ¶ 9, 688 N.W.2d 374). "Generally, the applicability of res judicata is a question of law and is fully reviewable on appeal." *Id*.

A

[¶13] Under N.D.C.C. § 29-32.1-12(2)(a), a court may deny post-conviction relief on the ground of misuse of process when the applicant "[p]resents a claim for relief which the applicant inexcusably failed to raise either in a proceeding leading to judgment of conviction and sentence or in a previous postconviction proceeding." Misuse of process is an affirmative defense to be pleaded by the State. N.D.C.C. § 29-32.1-12(3). The State raised the issue of misuse of process in its supplemental brief in opposition to Atkins' motion.

[¶14] With respect to Atkins' allegations of the district court's N.D.R.Crim.P. 11 violations, we agree with the district court that this claim is barred by misuse of process. Atkins attempted to raise the issue of the district court's alleged Rule 11 violations in his first appeal to this Court but we declined to address the argument due to his failure to so argue before the district court. *Atkins*, 2016 ND 13, ¶ 5. Thereafter, Atkins filed two applications for post-conviction relief, and two post-sentencing motions; however, he did not renew the district court's alleged Rule 11 violations claim until this most recent February 2018 post-conviction application. Atkins has provided no reasons for failing to make this claim in his previous proceedings post-appeal. Therefore, Atkins has inexcusably failed to raise this claim

6

in his previous post-conviction proceedings and is barred from doing so now. *See Silvesan v. State*, 1999 ND 62, ¶ 13, 591 N.W.2d 131.

B

[¶15] Atkins also claimed he should be allowed to withdraw his plea under N.D.R.Crim.P. 11 because his counsel was ineffective. Under N.D.C.C. § 29-32.1-12(1), "[a]n application for postconviction relief may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding." Res judicata is also an affirmative defense under N.D.C.C. § 29-32.1-12(3) and was raised by the State.

[¶16] In the direct appeal of his criminal judgment, Atkins alleged ineffective assistance of trial counsel which this Court addressed, holding he had failed to show counsel was plainly defective. *Atkins*, 2016 ND 13, ¶ 9. We left open the possibility that Atkins could pursue his claim in a post-conviction proceeding. *Id*. Following the direct appeal, Atkins claimed ineffective assistance of counsel in his March 2016 and September 2016 applications for post-conviction relief. We agree with the district court that Atkins' claim of ineffective assistance of counsel is barred by res judicata, and to the extent his specific allegations differ from those previously argued, misuse of process.

IV

[¶17] Atkins argues the district court erred by denying relief based on his allegations of newly discovered evidence. "Post-conviction relief may be granted when '[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice.'" *Kovalevich v. State*, 2018 ND 184, ¶ 4, 915 N.W.2d 644 (quoting N.D.C.C. § 29-32.1-01(1)(e)). When an applicant alleges the existence of newly discovered evidence, we review the application as a motion for a new trial using the standard for newly discovered evidence under

7

N.D.R.Crim.P. 33. *Kovalevich*, at ¶ 5. Our standard for granting a new trial on that basis is well established:

> Under N.D.R.Crim.P. 33(a), the trial court may grant a new trial to the defendant if required in the interests of justice. To prevail on a motion for a new trial on the ground of newly discovered evidence, the defendant must show (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant's lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal. A motion for new trial based upon newly discovered evidence rests within the discretion of the trial court, and we will not reverse the court's denial of the motion unless the court has abused its discretion. If the newly discovered evidence is of such a nature that it is not likely to be believed by the jury or to change the results of the original trial, the court's denial of the new trial motion is not an abuse of discretion.
>
> A trial court abuses its discretion if it acts arbitrarily, unreasonably, unconscionably, or when its decision is not the product of a rational mental process leading to a reasoned decision.

*Id.* (internal citations omitted). "The task of weighing the evidence and judging the credibility of witnesses belongs exclusively to the trier of fact, and we do not reweigh credibility or resolve conflicts in the evidence." *Greywind v. State*, 2004 ND 213, ¶ 22, 689 N.W.2d 390.

[¶18] Atkins argues he satisfied the four-part test for reviewing a motion for a new trial based on newly discovered evidence. In his motion before the district court, Atkins asserted the existence of four items of newly discovered evidence: (1) exculpatory text messages; (2) a sexual assault kit showing no residua of sexual abuse of the alleged victim; (3) the credibility of the State's witnesses; and (4) evidence tampering. On appeal, Atkins only argues the text messages and the sexual assault kit as the basis for his motion for a new trial.

[¶19]  Atkins argues he discovered exculpatory text messages in 2017, after his conviction.  At the motion hearing, Atkins testified he did not know the text messages existed at the time he entered his plea.  He stated he became aware of the text messages through his mother.  He also testified he was talking to his mother while incarcerated and she revealed she possessed the messages.  He admitted he did not need a court order, search warrant, or subpoena to get the text messages from his mother.  He further admitted he never previously asked his mother for any evidence related to his case.  In finding the text messages were not newly discovered evidence, the district court noted Atkins failed to call either his mother or his attorney to support his argument the messages were unknown to him prior to his guilty plea.  The court stated Atkins' failure to learn about the text messages was due to a lack of diligence on his part since his mother had the messages prior to his guilty plea.

[¶20]  In *Syvertson v. State*, 2005 ND 128, ¶ 9, 699 N.W.2d 855, this Court held that information that was publicly disseminated and easily accessible was not newly discovered evidence when the defendant failed to establish that his failure to learn about the evidence at the time of trial was not due to his own lack of diligence.  Here, Atkins also failed to show his failure to learn about the text messages was not due to his own lack of diligence.  He admitted he did not ask his mother for any information she might have regarding his case prior to pleading guilty.  He does not allege she concealed the information from him or that she was unavailable at the time of his plea.  The district court did not abuse its discretion in finding the text messages were not newly discovered and that even if they were, Atkins' failure to learn about them was due to his own lack of diligence.

[¶21]  The district court further found "the weight and quality of the text messages, when considering the totality of the evidence brought against Atkins, would likely not result in an acquittal."  The text messages show that a potential witness may not have thought Atkins committed the alleged acts, but also stated she did not know what happened, and acknowledged she left the victim with Atkins and another person for

about 10 minutes.  The court did not abuse its discretion finding the text messages would not likely result in acquittal, and therefore do not qualify as newly discovered evidence.

B

[¶22]  Next, Atkins argues the results of a sexual assault kit are newly discovered evidence because his attorney never provided him with a copy of the results.  He argues the results are exculpatory because they show a lack of evidence supporting the allegations against him.  At the motion hearing, the State introduced a document listing the discovery Attorney Morrow received.  When introducing the exhibit, the State described it as "the discovery Mr. Atkins received from Mr. Morrow," and Atkins did not object to its admission.  Atkins testified at the motion hearing at one point admitting he "didn't really read the discovery."  He admitted it was possible he missed the results of the sexual assault kit when he did receive the discovery because he just skimmed through it.  The district court found:

> Clearly, the alleged exculpatory information connected to the Sexual Assault Kit would have been provided to Atkins and his legal counsel as part of the discovery process.  Therefore, Atkins had the Sexual Assault Kit report prior to pleading guilty and being sentenced and such is not newly discovered evidence.

The court's findings are not clearly erroneous.  We conclude the court did not abuse its discretion by denying relief based on Atkins' claims of newly discovered evidence.

V

[¶23]  In his supplemental brief, Atkins argues the attorney for the alleged victim in his gross sexual imposition case works in the same law firm as his post-conviction counsel.  He also argues the entire Grand Forks Public Defender's office has a conflict of interest with his case because they represented several of the State's witnesses.  It appears he is raising these arguments for the first time on appeal, and

we decline to address them.  *See State v. Kieper*, 2008 ND 65, ¶ 16, 747 N.W.2d 497 (issues not raised in the district court cannot be raised for the first time on appeal).

[¶24]  It is unnecessary to address other issues raised on appeal because they are either without merit or unnecessary to the decision.


                                                        VI

[¶25]  We affirm the district court order denying Atkins' motions applying the procedures under the Uniform Postconviction Procedure Act.

[¶26]  Lisa Fair McEvers
          Daniel J. Crothers
          Jerod E. Tufte
          Gary H. Lee, D.J.
          Gerald W. VandeWalle, C.J.

[¶27]  The Honorable Gary H. Lee, D.J., sitting in place of Jensen, J., disqualified.