# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2021 ND 8

Laron Young,                                Plaintiff and Appellant

      v.

Burleigh Morton Detention Center,          Defendant and Appellee

      and

Reliance Telephone Systems,                    Defendant

### No. 20200153

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable David E. Reich, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Laron Young, Devils Lake, ND, plaintiff and appellant; submitted on brief.

Lawrence E. King and Alyssa L. Lovas, Bismarck, ND, for defendant and appellee; submitted on brief.

# Young v. Burleigh Morton Detention Center
## No. 20200153

**McEvers, Justice.**

[¶1]   Laron Young appeals from a summary judgment in favor of Burleigh Morton Detention Center ("BMDC").   He argues BMDC violated his Sixth Amendment right to legal counsel.   He also argues BMDC's policy concerning inmate telephone calls violates N.D.C.C. § 12-44.1-14, which provides rights for inmates.   We affirm.

I

[¶2]   Young was an inmate at BMDC.   Reliance Telephone of Grand Forks, Inc. ("Reliance") contracts with BMDC to operate its inmate telephone system. Every call that is not listed as "private" within the Reliance system is automatically recorded.   It is undisputed that the telephone number for Young's attorney was not on the list of private numbers and various calls between himself and his attorney were recorded.

[¶3]   Young sued BMDC and Reliance arguing his Sixth Amendment right to counsel was violated and that BMDC had not complied with N.D.C.C. § 12-44.1-14(1), which requires correctional facilities to ensure inmates have confidential access to their attorneys.   The district court dismissed the claims against Reliance for lack of jurisdiction.   The court granted summary judgment in favor of BMDC concluding Young had not alleged facts to support a finding that he was prejudiced by the recordings and therefore his right to counsel was not violated.   The court also concluded Young had not alleged facts to support a finding that BMDC violated N.D.C.C. § 12-44.1-14(1).

II

[¶4]   Our standard for reviewing appeals from a summary judgment is well established:

> Summary judgment is a procedural device for the prompt resolution of a controversy on the merits without a trial if there are no genuine issues of material fact or inferences that can

reasonably be drawn from undisputed facts, or if the only issues to be resolved are questions of law. A party moving for summary judgment has the burden of showing there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. In determining whether summary judgment was appropriately granted, we must view the evidence in the light most favorable to the party opposing the motion, and that party will be given the benefit of all favorable inferences which can reasonably be drawn from the record. On appeal, this Court decides whether the information available to the district court precluded the existence of a genuine issue of material fact and entitled the moving party to judgment as a matter of law. Whether the district court properly granted summary judgment is a question of law which we review de novo on the entire record.

*Golden v. SM Energy Co.*, 2013 ND 17, ¶ 7, 826 N.W.2d 610 (quoting *Hamilton v. Woll*, 2012 ND 238, ¶ 9, 823 N.W.2d 754).

A

[¶5] Young argues BMDC violated his constitutional right to counsel when Reliance recorded and retained telephone calls between himself and his attorney.

[¶6] Defendants in criminal proceedings are guaranteed the right to counsel by the Sixth Amendment to the United States Constitution and N.D. Const. art. I, § 12. *State v. Dvorak*, 2000 ND 6, ¶ 9, 604 N.W.2d 445. "[T]he prosecutor and police have an affirmative obligation not to act in a manner that circumvents and thereby dilutes the protection afforded by the right to counsel." *Ellis v. State*, 2003 ND 72, ¶ 8, 660 N.W.2d 603 (quoting *Maine v. Moulton*, 474 U.S. 159, 171 (1985)). Inherent in the right to counsel is the privacy of attorney-client communications. *State v. Clark*, 1997 ND 199, ¶ 14, 570 N.W.2d 195.

[¶7] We addressed the issue of a correctional facility monitoring an inmate's telephone conversations with his attorney in *Clark*, 1997 ND 199. Clark was in custody awaiting trial on murder charges. *Id.* at ¶ 2. A correctional officer

monitored a telephone call between Clark and his attorney. *Id.* at ¶ 12. Clark moved for sanctions, including suppression of evidence, attorney fees, and dismissal of the case. *Id.* at ¶ 13. The district court denied his motion finding, among other things, that there was no evidence that the monitoring of the call revealed a defense strategy and there was no likelihood it provided an advantage to the State. *Id.* We affirmed explaining:

> "[P]ost-arrest actions that interfere with the right to counsel do not *per se* violate the Sixth Amendment. *Weatherford v. Bursey*, 429 U.S. 545 (1997). Only where the actions produce, directly or indirectly, evidence offered against defendant at trial has there been a deprivation of the right to counsel." *United States v. Shapiro*, 669 F.2d 593, 598 (9th Cir. 1982).

*Clark*, at ¶ 14. In *Ellis*, we reiterated that "a Sixth Amendment violation occurs only if the government knowingly intrudes into the attorney-client relationship, and the intrusion demonstrably prejudices the defendant, or creates a substantial threat of prejudice." 2003 ND 72, ¶ 16.

[¶8] Young's complaint alleges BMDC violated his Sixth Amendment right to counsel "by illegally recording and warehousing [his] attorney-client phone calls." BMDC moved for summary judgment arguing there was no evidence or claim the government listened to the recordings or used them against Young. Young responded with a cross-motion for summary judgment asserting: "I have over 72 hours of recorded attorney-client phone calls that the Defendant recorded and stored. The pure existence of the calls remove any issues of material fact." The district court granted BMDC summary judgment holding Young had not identified any facts that could establish he was prejudiced by the recordings.

[¶9] The record supports the district court's decision. As the court noted, Young did not identify any criminal charges he was facing, what specific recordings were used to his detriment, the outcome of any criminal proceeding, or how the recordings may have been used to the government's advantage. On appeal, Young implies a prosecutor listened to the recordings by claiming his attorney "informed me of a unnerving conversation with the U.S. Attorney

3

where she mentioned a portion of the defense strategy that me and him were discussing." There is nothing in the record to support this vague factual allegation; we therefore will not consider it. *See Oien v. Oien*, 2005 ND 205, ¶ 11, 706 N.W.2d 81 ("we will not consider evidence presented for the first time on appeal"). To the extent relief may be available for Young's claim, he has not alleged facts to support a finding that BMDC knowingly intruded into the communications he had with his attorney or that prejudice or a substantial threat of prejudice exists. We conclude the district court did not err when it granted BMDC summary judgment on Young's Sixth Amendment claim.

B

[¶10] Young asserts BMDC violated N.D.C.C. § 12-44.1-14(1) by requiring inmates to provide their attorneys' telephone information to correctional facility staff for confidentiality and by recording calls he made to his attorney.

[¶11] Section 12-44.1-14(1), N.D.C.C., states:

> Subject to reasonable safety, security, discipline, and correctional facility administration requirements, the administrator of each correctional facility shall:
> 1. Ensure inmates have confidential access to attorneys and their authorized representatives.

[¶12] It is undisputed that BMDC generally does not obtain telephone numbers for inmates' attorneys. BMDC relies on inmates or their attorneys to register the numbers as private numbers not to be recorded. Young argues this policy does not comply with N.D.C.C. § 12-44.1-14(1), which he claims places the "onus of ensuring that an inmate[']s attorney calls were not monitored or recorded, as well as the duty to obtain and verify an inmate[']s attorney, onto the administrator of each correctional facility not the inmates themselves."

[¶13] We do not agree. Allowing inmates to register their attorneys' numbers as private complies with the statutory requirement that inmates have confidential access to their attorneys. The plain language of the statute does not require correctional facilities to affirmatively identify an inmate's

4

attorney's telephone number as Young suggests. Rather, by its own language, N.D.C.C. § 12-44.1-14 is "subject to reasonable . . . correctional facility administration requirements." We conclude BMDC's policy allowing inmates or their attorneys to register attorney telephone numbers as confidential numbers not to be monitored does not constitute a violation of N.D.C.C. § 12-44.1-14(1).

[¶14] Young also asserts BMDC violated a state correctional facility standard. Under N.D.C.C. § 12-44.1-24, the North Dakota Department of Corrections and Rehabilitation must provide rules for the care and treatment of inmates and make those rules available to inmates. Young argues BMDC violated one of these rules by recording the telephone calls with his attorney. Young misconstrues that rule—which is titled Standard 84 in the North Dakota Correctional Facility Standards—as a statutory "subpart." The Standards are not statutory provisions drafted by the legislature. They are not administrative rules subject to the requirements of the Administrative Agencies Practice Act under N.D.C.C. ch. 28-32. With the exception of certain activities of the division of adult services under N.D.C.C. ch. 54-23.4, the Department is not considered an administrative agency under N.D.C.C. § 28-32-01(2)(m). The rules are created by the Department and subject to revision by the Department. Contravention of the Standards does not necessarily constitute a statutory violation. Even assuming a specific Department of Corrections and Rehabilitation standard was violated, Young's arguments and allegations do not establish a violation of N.D.C.C. § 12-44.1-14.

III

[¶15] We affirm the summary judgment.

[¶16] Jon J. Jensen, C.J.
    Gerald W. VandeWalle
    Daniel J. Crothers
    Lisa Fair McEvers
    Jerod E. Tufte

5