# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 34

Cody Michael Atkins,                               Petitioner and Appellant

v.

State of North Dakota,                             Respondent and Appellee

## No. 20200172

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice.

Monty G. Mertz, Fargo, ND, for petitioner and appellant.

Meredith H. Larson, Grand Forks, ND, for respondent and appellee.

**Crothers, Justice.**

[¶1] Cody Atkins appeals from district court orders denying his application for post-conviction relief and his motion to reconsider. We conclude Atkins did not timely appeal from the order denying his application for post-conviction relief. We further conclude his motion to reconsider was another application for post-conviction relief, and the court did not err in denying Atkins's request for relief. We affirm.

I

[¶2] Atkins pleaded guilty to gross sexual imposition in 2015. This Court affirmed Atkins's criminal judgment. *State v. Atkins*, 2016 ND 13, ¶ 10, 873 N.W.2d 676. Atkins filed a post-conviction relief application in March 2016 that was dismissed. He filed another application in September 2016, which was dismissed and affirmed on appeal. *Atkins v. State*, 2017 ND 290, ¶ 11, 904 N.W.2d 738. Atkins also filed post-judgment motions in his criminal case: 1) in July 2017 to reduce his sentence; 2) in November 2017 to dismiss the GSI charge; 3) in February 2018 to "vacate" his guilty plea; and 4) in March 2018 for a new trial. The district court treated the February 2018 and March 2018 motions as a third application for post-conviction relief. We agreed Atkins's motions were an application for post-conviction relief and affirmed the court's denial of Atkins's requests. *State v. Atkins*, 2019 ND 145, ¶¶ 11, 25, 928 N.W.2d 441.

[¶3] In November 2018, Atkins filed another post-conviction relief application. He raised 10 grounds for relief, including that his confession was involuntary or coerced, the witnesses against him were not credible, the State used false evidence, and law enforcement officers did not knock and announce their presence. He also alleged malicious prosecution and judicial bias. In response, the State asserted the affirmative defenses of misuse of process and res judicata and moved to dismiss the application under N.D.R.Ct. 3.2. The State argued Atkins already raised the allegations or inexcusably failed to raise them in earlier proceedings. The district court granted the State's motion and denied Atkins's application for post-conviction relief. Atkins appealed, and

we reversed and remanded, concluding the district court erred in denying Atkins's application without providing him 14 days due him under N.D.R.Ct. 3.2 to respond to the State's motion to dismiss. *Atkins v. State*, 2019 ND 146, ¶¶ 6-7, 928 N.W.2d 438.

[¶4] On remand, Atkins abandoned some of the allegations in his November 2018 post-conviction relief application. He preserved the claims of an involuntary and coerced confession, knock and announce violation by law enforcement, and malicious prosecution. He also added a claim of ineffective assistance of post-conviction counsel. The State renewed its motion to dismiss Atkins's application. After a November 2019 hearing, the district court denied Atkins's application, concluding Atkins raised the same claims in earlier proceedings or failed to show good cause for not raising the claims in earlier proceedings.

[¶5] In January 2020, Atkins filed a motion under N.D.R.Civ.P. 60(b) requesting the district court to reconsider its decision. After a hearing, the court denied Atkins's motion to reconsider. In July 2020, Atkins appealed from both of the court's orders.

II

[¶6] Atkins argues the district court erred by denying his application for post-conviction relief.

[¶7] In order to address Atkins's argument, this Court must have jurisdiction. *Hoffarth v. Hoffarth*, 2020 ND 218, ¶ 5, 949 N.W.2d 824. Post-conviction relief actions are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Myers v. State*, 2017 ND 66, ¶ 7, 891 N.W.2d 724. A party appealing an order or judgment in a civil case is required to file a notice of appeal "within 60 days from service of notice of entry of the judgment or order being appealed." N.D.R.App.P. 4(a)(1). *See also* N.D.R.App.P. 4(d) (providing 60 days to appeal in a post-conviction proceeding). Under N.D.R.App.P. 4(a)(3)(A), certain post-judgment motions, including a motion under N.D.R.Civ.P. 60(b), can toll the time for an appeal if the motion is served and filed no later than 28 days after the notice of entry of judgment. However, a Rule 60(b) motion does not toll the time for an appeal in a post-conviction proceeding.

2

[¶8]   In *Atkins*, 2019 ND 145, ¶ 11, we held "that a defendant may not avoid the procedures of the Uniform Postconviction Procedure Act by designating his motion under a rule of criminal procedure or by filing his motion in his criminal file, rather than filing as a new action for post-conviction relief." In *Kovalevich v. State*, 2019 ND 210, ¶ 10, 932 N.W.2d 354, we extended the *Atkins* holding "to relief under Rule 60(b) of the North Dakota Rules of Civil Procedure." Thus, if an applicant files a N.D.R.Civ.P. 60(b) motion relating to the underlying order denying post-conviction relief, it will be treated as another post-conviction relief application and will not toll the time for appealing the underlying order.

[¶9]   The district court issued its order denying Atkins's post-conviction relief application on December 19, 2019. The State did not serve or file a notice of entry of order; however, Atkins filed his N.D.R.Civ.P. 60(b) motion for reconsideration on January 6, 2020. Atkins's time for appealing the court's order denying post-conviction relief began to run on January 6, 2020. *See Estate of Vendsel*, 2017 ND 71, ¶ 6, 891 N.W.2d 750 (stating that "[i]n the absence of service of a notice of order or judgment, actual knowledge evidenced on the record by action on the part of the appealing party commences the time for filing the notice of appeal"). The court denied Atkins's motion for reconsideration on June 9, 2020. Atkins appealed from both orders on July 2, 2020. Atkins did not appeal from the order denying post-conviction relief within 60 days of January 6, 2020, and did not move under N.D.R.App.P. 4(d) to extend the time to appeal. Therefore, his appeal of the December 2019 order denying post-conviction relief is untimely and we are without jurisdiction to decide it. However, we have jurisdiction to consider the court's order denying his Rule 60(b) motion for reconsideration because it is a final order and his notice of appeal was filed within 60 days of the court's order. We will treat Atkins's Rule 60(b) motion for reconsideration as another post-conviction relief application.

III

[¶10] Atkins argues the district court erred in denying his N.D.R.Civ.P. 60(b) motion for reconsideration. He argues he is entitled to relief because his post-conviction counsel failed to adequately represent him in the earlier proceedings.

3

[¶11] Atkins's motion raised claims relating to the effectiveness of his counsel in earlier post-conviction proceedings. Under N.D.C.C. § 29-32.1-09(2), a district court "may dismiss any grounds of an application which allege ineffective assistance of postconviction counsel." Atkins is precluded from claiming ineffective assistance of post-conviction counsel. The district court did not err in denying Atkins's January 2020 post-conviction relief application, titled as a Rule 60(b) motion for reconsideration.

IV

[¶12] Atkins's remaining arguments either are without merit or are not necessary to our decision. The order denying Atkins's N.D.R.Civ.P. 60(b) motion for reconsideration is affirmed.

[¶13] Daniel J. Crothers, Acting C.J.
    Gerald W. VandeWalle
    Lisa Fair McEvers
    Jerod E. Tufte
    Daniel S. El-Dweek, D.J.


[¶14] The Honorable Daniel S. El-Dweek, D.J., sitting in place of Jensen, C.J., disqualified.

4