# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 83

Cody Michael Atkins,

Defendant and Appellant

v.

State of North Dakota,

Plaintiff and Appellee

## No. 20200266

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by McEvers, Justice.

Benjamin C. Pulkrabek, Mandan, ND, for defendant and appellant; submitted on brief.

Meredith H. Larson, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

**McEvers, Justice.**

[¶1]   Cody Michael Atkins appeals from an order summarily dismissing his application for post-conviction relief sua sponte. Atkins argues the district court erred by failing to give him notice prior to dismissal,  applying affirmative defenses not raised by the State, and by failing to address his actual innocence argument. We affirm.

I

[¶2]   Atkins has a lengthy history of proceedings before the district court and this Court, as we have recently summarized:

> Atkins pleaded guilty to gross sexual imposition in 2015. This Court affirmed Atkins's criminal judgment. *State v. Atkins*, 2016 ND 13, ¶ 10, 873 N.W.2d 676. Atkins filed a post-conviction relief application in March 2016 that was dismissed. He filed another application in September 2016, which was dismissed and affirmed on appeal. *Atkins v. State*, 2017 ND 290, ¶ 11, 904 N.W.2d 738. Atkins also file post-judgment motions in his criminal case: 1) in July 2017 to reduce his sentence; 2) in November 2017 to dismiss the GSI charge; 3) in February 2018 to "vacate" his guilty plea; and 4) in March 2018 for a new trial. The district court treated the February 2018 and March 2018 motions as a third application for post-conviction relief. We agreed Atkins's motions were an application for post-conviction relief and affirmed the court's denial of Atkins's requests. *State v. Atkins*, 2019 ND 145, ¶¶ 11, 25 928 N.W.2d 441.

*Atkins v. State*, 2021 ND 34, ¶ 2, 955 N.W.2d 109.

[¶3]   In November 2018, Atkins filed another application for post-conviction relief, raising 10 grounds for relief. *Atkins,* 2021 ND 34, ¶ 3. The State moved to dismiss the application under N.D.R.Ct. 3.2. *Id.* The district court denied Atkins' consolidated applications without giving Atkins an opportunity to respond. *Id.* Atkins appealed, and this Court reversed and remanded,

concluding Atkins should have been afforded 14 days under N.D.R.Ct. 3.2 to respond to the State's motion to dismiss. *Id.* On remand, Atkins abandoned some of his claims, but preserved claims of ineffective assistance of post-conviction counsel, coerced confession, knock and announce violation by law enforcement, and malicious prosecution and was given a hearing. *Id.* at ¶ 4. The district court denied his application on the bases of misuse of process and res judicata. *Id.*

[¶4]   In January 2020, Atkins filed a N.D.R.Civ.P. 60(b) motion requesting the district court reconsider its decision. *Atkins*, 2021 ND 34*, ¶ 5. A hearing was held, after which the court denied Atkins' motion. *Id.* In July 2020, Atkins appealed from both the order denying his last post-conviction relief application and the order denying his Rule 60(b). *Id.* On appeal, this Court concluded Atkins' appeal from the order denying his application for post-conviction relief from the order was untimely. *Id.* at ¶ 9. However, we considered the appeal of his Rule(60)(b), which was timely, treating the motion as another post-conviction application. *Id.* We concluded that Atkins' claims related to ineffective assistance of counsel had been raised in earlier proceedings, he was precluded from claiming ineffective assistance of post-conviction counsel, and his remaining arguments were without merit. *Id.* at ¶¶ 11-12. Accordingly, we affirmed the district court's denial of Atkins' post-conviction relief application titled as a Rule 60(b) motion for reconsideration. *Id.*

[¶5]   While his aforementioned appeal was pending, Atkins filed another application for post-conviction relief on September 17, 2020, which is the subject of this appeal. Atkins claimed five grounds for post-conviction relief: (1) actual innocence; (2) the State committed a Brady violation by withholding a statement made by a witness; (3) Atkins never acknowledged he understood the right against self-incrimination; (4) his confession was coerced because he is cognitively impaired and police used "aggressive questioning" tactics; and (5) he did not knowingly, voluntarily, or intelligently enter his guilty plea.

[¶6]   On September 29, 2020, before the State filed an answer, the district court summarily dismissed Atkins' application on the basis that he was procedurally barred from raising the claims outlined in his application by the

doctrines of misuse of process and res judicata, and because Atkins' claims were outside the two year statute of limitations for post-conviction relief applications under N.D.C.C. § 29-32.1-01.

## II

[¶7]   Atkins argues the district court erred when it summarily dismissed his application for relief without affording him notice and an opportunity to support his application.

## A

[¶8]   Under N.D.C.C. § 29-32.1-09(1), the district court may summarily dismiss a meritless application sua sponte before the State responds. *State v. Vogt*, 2019 ND 236, ¶ 8, 933 N.W.2d 916. Under N.D.C.C. § 29-32.1-09(1), the district court may also summarily deny a second or successive application for similar relief on behalf of the same applicant, or if the issues raised in the application have previously been decided by the appellate court in the same case. *Gonzalez v. State*, 2019 ND 47, ¶ 9, 923 N.W.2d 143. In this case, the district court summarily dismissed Atkins' application before the State responded.

[¶9]   This Court has explained that summary dismissal of an application before the State responds "is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted." *Chase v. State*, 2017 ND 192, ¶ 6, 899 N.W.2d 280 (citation omitted). The standard of review for a Rule 12(b)(6) dismissal is well established:

> On appeal from a dismissal under N.D.R.Civ.P. 12(b)(6), we construe the complaint in the light most favorable to the plaintiff and accept as true the well-pleaded allegations in the complaint. A district court's decision granting a Rule 12(b)(6) motion to dismiss a complaint will be affirmed if we cannot discern a potential for proof to support it. We review a district court's decision granting a motion to dismiss under N.D.R.Civ.P. 12(b)(6) de novo on appeal.

*Curtiss v. State*, 2020 ND 256, ¶ 4, 952 N.W.2d 43 (citation omitted). In *Chisholm v. State*, this Court stated, "[w]hen the court considered matters

3

outside the pleading in summarily dismissing an application on its own motion, we have treated the court's summary dismissal as a summary judgment and held the procedural requirements apply." 2014 ND 125, ¶ 12, 848 N.W.2d 703.

[¶10] It is clear from the district court's order that the court relied on the record and its extensive knowledge of Atkins' case and prior post-conviction applications in denying this application, because it expressly referenced Atkins' prior applications, prior district court orders, and outcomes from prior appeals. Under N.D.R.Ev. 201(b), a court may judicially notice a fact not subject to reasonable dispute if it "is generally known within the trial court's territorial jurisdiction," or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." A court "may take judicial notice on its own." N.D.R.Ev. 201(c)(1). *See also Steen v. State*, 2007 ND 123 ¶ 23, 736 N.W.2d 457 (discussing the district court taking judicial notice of prior applications for post-conviction relief considered by the district court and this Court). While it is not error for the court to take notice of Atkins' previous filings, in doing so it requires we consider the court's dismissal under a summary judgment standard of review. *Chisholm*, 2014 ND 125, ¶ 12. In *Chisholm*, we held an applicant must be given notice and an opportunity to respond and submit evidence to demonstrate there is a genuine issue of material fact before the court may dismiss an application. *Id.* The court erred in dismissing Atkins' application without giving him notice.

B

[¶11] The next step is to determine whether the error is harmless. This Court defines harmless error as "any error, defect, irregularity or variance which does not affect substantial rights. Stated simply, harmless error is error that is not prejudicial." *Gonzalez*, 2019 ND 47, ¶ 14 (quoting *State v. Acker*, 2015 ND 278, ¶ 12, 871 N.W.2d 603). "The failure of the court to provide notice can be excused if the error was harmless under the circumstances." *Jaste v. Gailfus,* 2004 ND 94, ¶ 13, 679 N.W.2d 257 (citing James Wm. Moore, *Moore's Federal Rules Pamphlet* § 56.4[2] (2004)). "If a party had no additional evidence to bring, it cannot argue it was prejudiced by a lack of notice and opportunity to address the issue." *Id.; see also Smith v. Boyd*, 945 F.2d 1041, 1043 (8th Cir.

4

1991) (holding failure by court to give notice was not reversible error where it is patently obvious the litigant could not prevail on the facts alleged).

[¶12] On appeal, Atkins argues the district court erred, including that he should have been allowed to present evidence under his theory of "actual innocence." Atkins' application for post-conviction relief makes no mention of newly discovered evidence. He alleges in ground 1: "Actual Innocence exception—This is an exception that would allow Atkins to bring Constutional [sic] claims forward." Without even alleging he had new evidence, Atkins fails to show he was prejudiced by lack of notice.

## III

[¶13] The question remains whether the district court erred in dismissing Atkins' application. Whether summary judgment was properly granted is a question of law which this Court reviews de novo on the entire record. *Young v. Burleigh Morton Det. Ctr.*, 2021 ND 8, ¶ 4, 953 N.W.2d 597. Summary dismissal of a post-conviction application, like summary judgment, is only appropriate if there is no genuine issue as to any material fact. *Chatman v. State*, 2018 ND 77, ¶ 6, 908 N.W.2d 724. A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts. *Id.* This Court has established "[t]he party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact." *Atkins v. State,* 2019 ND 146, ¶ 4, 928 N.W.2d 438.

## A

[¶14] Atkins argues the district court erred in applying res judicata, because res judicata is an affirmative defense that can only be applied when pleaded by the State.

[¶15] Atkins is correct, res judicata is an affirmative defense under N.D.C.C. § 29-32.1-12(3) to be pleaded by the State. As provided in N.D.C.C. § 29-32.1-12(1), "[a]n application for postconviction relief may be denied on the ground

5

that the same claim or claims were fully and finally determined in a previous proceeding." In *Johnson v. State,* this Court stated this statute does not entitle a district court to dismiss on a claim of res judicata on its own motion. 2010 ND 213, ¶ 10, 790 N.W.2d 741. The rationale for not allowing the court to dismiss on its own motion was because the legislature expressly made res judicata an affirmative defense. *Id.*

[¶16] Here, the district court relied on N.D.C.C. § 29-32.1-12(1) as a legal basis for dismissal, noting particularly that the statute provides an application may be denied on the ground that the same claim or claims were fully and finally determined in a previous proceeding, and then referred to this as res judicata. The court discussed Atkins' previous claims and found:

> Atkins' current post-conviction relief Application to be identical or very similar to the issues previously raised, addressed and denied by the court (in particular, in Atkins' post-conviction relief action in file 18-2014-CR-1844, the dismissal of which was affirmed by our Supreme Court), and Atkins' other previous and subsequent post-conviction relief efforts. Therefore res judicata applies to his present claims which were previously raised and addressed.

[¶17] In *Chisholm,* 2014 ND 125, ¶ 13, we noted that the legislature amended N.D.C.C. § 29-32.1-09, which now expressly allows a court to dismiss an application on its own motion for various reasons. The second sentence of N.D.C.C. § 29-32.1-09(1) authorizes the court to summarily deny a second or successive application for similar relief on behalf of the same applicant or summarily deny an application when the issues raised have previously been decided by this court on appeal. *Id.* at ¶ 16. This section provides:

> The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state. The court also may *summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.*

6

N.D.C.C. § 29-32.1-09(1) (emphasis added). When the district court used the term "res judicata," it should have referred to the authority granted under N.D.C.C. § 29-32.1-09(1), rather than the affirmative defense statute. We will not set aside a district court's decision applying an incorrect reason, if the result would be the same under the correct law and reasoning. *Myers v. State*, 2017 ND 66, ¶ 10, 891 N.W.2d 724.

[¶18] Nevertheless, the plain text of N.D.C.C. § 29-32.1-09(1) provides two paths for the district court to summarily dismiss an application for post-conviction relief. First, the court may dismiss a meritless application before the State responds. Second, the court may summarily dismiss a second or successive application for similar relief on behalf of the same applicant when the issues raised have previously been decided by the appellate court in the same case. On its face, this indicates the legislature intended the court to be able to look beyond the pleadings of the instant post-conviction application, because it would be impossible to determine if the current application was successive without referencing other proceedings initiated by the same applicant. It also expressly provided for summary denial of second or successive applications for similar relief or for issues which have been decided by this Court.

[¶19] In addition, it has been recognized that sua sponte application of res judicata may be appropriate in special circumstances; most notably, when a court is on notice that it has previously decided the issue presented, the action may be dismissed even though the defense was not raised. *Arizona v. California*, 530 U.S. 392, 412 (2000). "This result is fully consistent with the policies underlying res judicata: it is not based solely on the defendant's interest in avoiding the burdens of twice defending a suit, but is also based on the avoidance of unnecessary judicial waste." *Id.* (citation omitted).

[¶20] Unlike the applicant in *Chisholm,* Atkins has brought repeated applications for relief on the same or similar grounds for the same underlying conviction. The plain text of N.D.C.C. § 29-32.1-09(1), expressly allows the district court to consider whether an application for relief is successive, and upon determining it is, to summarily dismiss. The court reached the correct

result applying the doctrine of res judicata prior to the State responding, but for the wrong reason.

B

[¶21] Atkins argues the district court erred by failing to consider his claim of actual innocence. Atkins asserts two bases for asserting this claim. First, Atkins relies on a United States Supreme Court case, *Schlup v. Delo*, which established a new burden of proof for consideration of the merits of federal constitutional claims made by a federal habeas corpus petitioner sentenced to death. 513 U.S. 298 (1995). The *Schlup* Court rejected the more exacting *Sawyer* standard that required a petitioner to show "by clear and convincing evidence that, but for a constitutional error, no reasonable juror would have found the petitioner eligible for the death penalty." *Id*. at 323. However, *Schlup* was overturned by Congress, which reverted to the *Sawyer* standard when it enacted 28 U.S.C.S. §§ 2244(b)(2)(B) and 2254(e)(2).

[¶22] Atkins is not a federal habeas corpus petitioner, and *Schlup*, even if it still represented good law, is inapplicable to this post-conviction relief action. In addition, this Court has noted the United States Supreme Court in *Schlup*, "has rejected repeated post-conviction claims, in the form of habeas corpus, when the matters could have been raised in earlier post-conviction proceedings." *Owens v. State*, 2001 ND 15, ¶ 23, 621 N.W.2d 566 (discussing that *Schlup* at 318-19 noted successive or abusive petitions for habeas corpus are generally precluded from review).

[¶23] Atkins also argues that the actual innocence exception may be found in N.D.C.C. § 29-32.1-01(3)(a)(1), which provides a person convicted and sentenced for a crime may apply for post-conviction relief on the ground that:

> The petition alleges the existence of newly discovered evidence, including DNA evidence, which if proved and reviewed in light of the evidence as a whole, would establish that the petitioner did not engage in the criminal conduct for which the petitioner was convicted.

8

Atkins has previously brought claims for post-conviction relief using this particular provision when alleging newly discovered evidence. *See State v. Atkins*, 2019 ND 145, ¶ 8, 928 N.W.2d 441 (in which Atkins alleged the existence of newly discovered evidence including: (1) text messages; (2) a sexual assault kit; (3) the credibility of the State's witnesses; and (4) evidence tampering by the state). The district court found Atkins' claims did not meet the four-part test to qualify as newly discovered evidence. *Id.* Atkins appealed, and we affirmed. *Id.* at ¶ 25.

[¶24] Atkins does not allege any newly discovered evidence in his "actual innocence claim" in his application for relief. It appears that Atkins is either attempting to bring what is functionally a successive application for post-conviction relief based on a previously rejected claim and calling it by another name, or he is invoking an exception that this Court does not recognize.

[¶25] The district court interpreted this argument as a claim of newly discovered evidence, finding "Atkins' possible claim of newly discovered evidence fails" because his supporting grounds could not constitute newly discovered evidence as they "have been or reasonably could have been addressed in prior post-conviction relief actions." By failing to allege in his application that he had newly discovered evidence, Atkins fails to raise a genuine issue of material fact. While Atkins' previous claims regarding newly discovered evidence were not specifically designated as claims of "actual innocence," it would be form over substance to reverse this case to give Atkins the opportunity to support this claim when he has been given that opportunity in previous post-conviction relief applications, and justice does not require he be given another opportunity to do so.

[¶26] We need not address whether the district court's alternative grounds for dismissal were in error, because the district court did not err in concluding Atkins' claims have been presented in previous petitions, or have been previously decided by this Court, and are barred by res judicata. We have considered other issues raised and conclude they are unnecessary to our opinion or are without merit.

## IV

[¶27]  We affirm the district court order denying Atkins' application for post-conviction relief.

[¶28]  Daniel J. Crothers, Acting C.J.
      Gerald W. VandeWalle
      Lisa Fair McEvers
      Jerod E. Tufte
      Daniel S. El-Dweek, D.J.

[¶29] The Honorable Daniel S. El-Dweek, D.J., sitting in place of Jensen, C.J., disqualified.

10