# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2022 ND 117

Garron Gonzalez,                                           Petitioner and Appellant

>     v.

State of North Dakota,                                     Respondent and Appellee

### No. 20210289

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED IN PART; APPEAL DISMISSED IN PART.

Opinion of the Court by VandeWalle, Justice.

Yancy B. Cottrill, Williston, ND, for petitioner and appellant; submitted on brief.

Julie A. Lawyer, State's Attorney, Bismarck, ND, for respondent and appellee; submitted on brief.

**VandeWalle, Justice.**

[¶1] Garron Gonzalez appeals from an order denying his motions and amended motions to suspend judgment and for an order to show cause. He also appeals from a proposed order to declare him a vexatious litigant. We affirm in part, and dismiss the appeal in part.

I

[¶2] Gonzalez argues the district court erred by denying his motion to suspend judgment, amended motion to suspend judgment, motion for an order to show cause, and amended motion for an order to show cause. Gonzalez claimed in his motions that he received ineffective assistance of post-conviction counsel because his attorney for his eighth application for post-conviction relief did not communicate with him and did not file evidence supporting his application. Gonzalez's motions will be treated as another application for post-conviction relief. *See Atkins v. State*, 2021 ND 34, ¶ 8, 955 N.W.2d 109 (stating a motion for reconsideration relating to an underlying order denying post-conviction relief may not be used to avoid statutory post-conviction procedures and will be treated as another application for post-conviction relief). Gonzalez is precluded from claiming ineffective assistance of post-conviction counsel. *See* N.D.C.C. § 29-32.1-09(2); *Atkins*, at ¶ 11. We conclude the district court did not err in denying Gonzalez's application for post-conviction relief, titled as motions to suspend judgment and for an order to show cause. We summarily affirm the orders under N.D.R.App.P. 35.1(a)(7).

II

[¶3] Gonzalez also appeals from "the Findings and Order Declaring the Plaintiff a Vexatious Litigant in the above titled actions entered on the 3rd day of February, 2022 in the District Court of Burleigh County, North Dakota, the Honorable Bruce Romanick presiding." The February 3, 2022 order declaring plaintiff a vexatious litigant is a proposed pre-filing order.

[¶4] Under N.D. Sup. Ct. Admin. R. 58(5), if the presiding judge finds that there is a basis to conclude the person is a vexatious litigant and that a pre-filing order should be issued, the judge must issue a proposed pre-filing order along with proposed findings supporting the issuance of the pre-filing order. N.D. Sup. Ct. Admin. R. 58(5). After the proposed order is issued, the person who would be designated as a vexatious litigant has 14 days to file a written response. *Id.* A pre-filing order may be issued if there is no response after 14 days or if the presiding judge concludes following a response that there is a basis for issuing the order. *Id.* A pre-filing order designating a person as a vexatious litigant may be appealed. N.D. Sup. Ct. Admin. R. 58(6); N.D.C.C. § 28-27-02.

[¶5] The February 3, 2022 order states it is a proposed order and Gonzalez has 14 days to file a written response. Gonzalez filed the notice of appeal six days after entry of the proposed order. A pre-filing order was never entered. The proposed order is not appealable, and the appeal on this issue is dismissed.

III

[¶6] We summarily affirm the orders denying Gonzalez's application for post-conviction relief, titled as motions to suspend judgment and for an order to show cause, under N.D.R.App.P. 35.1(a)(7). We dismiss Gonzalez's appeal from the proposed order to declare him a vexatious litigant.

[¶7]    Jon J. Jensen, C.J.
        Gerald W. VandeWalle
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte

2