# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2026 ND 14

Robert Michael Williamson,
Petitioner and Appellant

v.

State of North Dakota,
Respondent and Appellee

## No. 20250365

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable James S. Hill, Judge.

AFFIRMED.

Per Curiam.

Robert Williamson, self-represented, Bismarck, ND, petitioner and appellant; on brief.

Julie Lawyer, State's Attorney, Bismarck, ND, for respondent and appellee; submitted on brief.

**Per Curiam.**

[¶1]   Robert Williamson appeals from a district court order denying an application for postconviction relief, which denied his motions for reconsideration and for issuance of an order to show cause. A judgment denying the postconviction relief application was subsequently entered.

[¶2]   After Williamson's probation was revoked in the underlying criminal case, he filed his first application for postconviction relief. In *Williamson v. State*, 2022 ND 192, 981 N.W.2d 928, we reversed and remanded for further proceedings. In *Williamson v. State*, 2023 ND 179, 996 N.W.2d 312, we summarily affirmed the district court's order denying his first application entered after the court held a hearing on remand. In *Williamson v. State*, 2025 ND 66, 18 N.W.3d 921, we affirmed the district court's order denying his second application for postconviction relief, concluding his claim for ineffective assistance of revocation counsel was barred by the affirmative defense of misuse of process and his claim for ineffective assistance of postconviction counsel was barred by N.D.C.C. § 29-32.1-09(2). In July 2025, Williamson filed a motion for reconsideration in the district court. In September 2025, he filed a motion for issuance of an order to show cause. After an October 2025 hearing, the district court entered its order denying his motions. The court denied Williamson relief finding he was "simply seeking to re-litigate the arguments he made in both the underlying criminal case's revocation hearing and this post-conviction relief matter." The court refused to review its prior order denying postconviction relief, as affirmed by this Court, or to entertain his attempt at relitigating the underlying facts.

[¶3]   The district court essentially treated Williamson's motions as a successive postconviction relief application by concluding his motions were a misuse of process. *See Atkins v. State*, 2021 ND 34, ¶ 8, 955 N.W.2d 109 (stating "if an applicant files a N.D.R.Civ.P. 60(b) motion relating to the underlying order denying post-conviction relief, it will be treated as another postconviction relief application"). The court did not err in its order denying his application for postconviction relief, entitled as motions for reconsideration and for issuance of

an order to show cause. We summarily affirm the order and judgment under N.D.R.App.P. 35.1(a)(6) and (7); *see Atkins*, 2021 ND 34, ¶ 8; *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441 (stating the Uniform Postconviction Procedure Act is to be used exclusively for challenging a judgment of conviction and, regardless of a motion's title, the motion will be treated as a subsequent application for postconviction relief).

[¶4]   Lisa Fair McEvers, C.J.
        Daniel J. Crothers
        Jerod E. Tufte
        Jon J. Jensen
        Douglas A. Bahr