Filed 12/13/11 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2011 ND 233

State of North Dakota, Plaintiff and Appellee

v.

Dale Allen Gress, Defendant and Appellant

No. 20110047

Appeal from the District Court of Burleigh County, South Central Judicial District, the Honorable Bruce B. Haskell, Judge.

REVERSED AND REMANDED.

Opinion of the Court by Maring, Justice.

Jacob Tyler Rodenbiker, Assistant State’s Attorney, 514 East Thayer Avenue, Bismarck, N.D. 58501, for plaintiff and appellee.

Dale Allen Gress (on brief), 2521 Circle Drive, Jamestown, N.D. 58401; self-

represented.

State v. Gress

No. 20110047

Maring, Justice.

[¶1] Dale Gress appealed from a district court order denying his motion to withdraw his guilty plea.  In 
State v. Gress
, 2011 ND 193, 803 N.W.2d 607, we held we could not properly review the court’s order because the court failed to provide any explanation for its decision, and we remanded for an explanation of the basis for the court’s decision.  After remand, we received a response from the district court explaining the basis for its decision.  We reverse the court’s order and remand for further proceedings consistent with this opinion.

I

[¶2] In 2006, Gress pled guilty to two counts of aggravated assault, one count of burglary, two counts of violating a domestic violence protection order, and one count of simple assault.  In 2008, Gress applied for post-conviction relief.  After a hearing, this district court denied his application for post-conviction relief.  Gress never appealed.

[¶3] On January 24, 2011, Gress moved to suspend his sentence “pursuant to N.D.R.Civ.P. Rule 60(b)(vi) . . . in the interest of Justice.  Alternatively, . . . to withdraw his unconstitutional plea-agreement.”  Gress argued his plea was coerced and unconstitutional, he did not knowingly enter into the plea agreement and waive his federal constitutional rights, he was not guilty of the charges, and the withdrawal of his plea was in the interests of justice.  The State responded to Gress’s motion, arguing the rules of civil procedure did not apply, the motion was untimely if it was interpreted as a motion to reduce a sentence under N.D.R.Crim.P. 35, and his motion to withdraw his plea was conclusory and without factual support or legal argument.  On February 7, 2011, the district court denied Gress’s motion by writing the word “DENIED” on the motion and signing and dating it.

[¶4] In 
Gress
, 2011 ND 193, 803 N.W.2d 607, we held we could not properly review the district court’s decision because the court failed to provide any explanation for its decision, and we remanded for the court to explain the basis for its decision.

[¶5] The district court thereafter sent this Court a letter explaining the basis for its decision.   The court stated it did not recall the case or the reason for its decision, but based on the file and record, the court stated it would have denied Gress’s request to suspend his sentence because it was unable to ascertain the basis for the request.  The court also stated it would have denied Gress’s request to withdraw his guilty plea because Gress never asserted during the plea hearing or sentencing that he was not guilty of the charges and the court substantially complied with the requirements for accepting a guilty plea under N.D.R.Crim.P. 11(b). 

II

[¶6] Gress moved to withdraw his guilty plea, and he did not move to correct an illegal sentence or to reduce his sentence under N.D.R.Crim.P. 35.  Gress’s motion was not titled as an application for post-conviction relief, but he previously filed an application for post-conviction relief.  We will consider his motion as a second application for post-conviction relief.  

[¶7] “‘When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d).’”  
Eaton v. State
, 2011 ND 35, ¶ 5, 793 N.W.2d 790 (quoting 
Patten v. State
, 2008 ND 29, ¶ 14, 745 N.W.2d 626).  A defendant cannot withdraw a guilty plea after it has been accepted and the court has imposed a sentence, unless the defendant proves withdrawal is necessary to correct a manifest injustice.  N.D.R.Crim.P. 11(d)(2).  Gress argues withdrawal of his guilty plea is necessary to correct a manifest injustice because he did not have personal knowledge of the consequences of his plea, he did not knowingly, intelligently, and voluntarily enter his plea, and his plea was coerced. 

[¶8] The State has not argued Gress’s claim was barred by a misuse of process or res judicata, and therefore we will not address those issues on appeal.  
See
 N.D.C.C. § 29-32.1-12(3) (res judicata and misuse of process are affirmative defenses that must be pleaded by the State).  The State also did not move for summary dismissal under N.D.C.C. §§ 29-32.1-06(2) or 29-32.1-09; rather, the district court summarily denied Gress’s motion on its own initiative.  

[¶9] Summary dismissal under N.D.C.C. § 29-32.1-06(2) is analogous to dismissal of a civil complaint under what is now denominated as N.D.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief can be granted, and a court may dismiss an application on its own initiative for failure to state a valid claim.  
See
 
Wong v. State
, 2010 ND 219, ¶ 8, 790 N.W.2d 757 (decided under N.D.R.Civ.P. 12(b)(vi)).  However, when the court considers matters outside the pleadings, the requirements for summary judgment under N.D.R.Civ.P. 56 apply and the court may dismiss the application if there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law.  
Wong
, at ¶ 12; 
see also
 N.D.C.C. § 29-32.1-

09.  Under N.D.R.Civ.P. 56(c), a party responding to a motion for summary judgment must be given 30 days to file an answer and supporting documents.  
See also
 
Wong
, at ¶ 12.  “The petitioner must be given notice and an opportunity to respond and submit evidence to demonstrate there is a genuine issue of material fact before an application can be dismissed.”  
Id.
 at ¶ 13.  A petitioner for post-conviction relief is not required to present evidence with the application, and therefore the applicant must be given notice, put to his proof, and given an opportunity to respond and submit evidence before an application for post-conviction relief can be summarily dismissed.  
Id.
 at ¶ 14.

[¶10] In the district court’s letter to this Court explaining the basis for its decision, the court said it denied Gress’s request to withdraw his plea because Gress did not state he was not guilty of the charges when the court accepted his guilty plea or sentenced him, and the court substantially complied with the requirements for accepting a plea under N.D.R.Crim.P. 11.  The court considered matters outside the pleadings in denying Gress’s motion.  Therefore, Gress was entitled to be given notice and an opportunity to respond and submit evidence supporting his claim.  A claim that withdrawal is necessary to correct a manifest injustice may be based on matters outside the record, and the court must give the petitioner an opportunity to respond and present evidence.  
See
 
State v. Pixler
, 2010 ND 105, ¶¶ 9-13, 783 N.W.2d 9 (an incompetent criminal defendant cannot enter a valid guilty plea, but there must be some evidence the defendant was incompetent or the plea was not knowing and voluntary to prove withdrawal is necessary to correct a manifest injustice).  Gress moved to withdraw his guilty plea on January 25, 2011.  The State responded to Gress’s motion on February 3, 2011, and the court summarily denied the motion on February 7, 2011. The court did not give Gress notice, the State did not request summary dismissal and put Gress to his proof, and the court did not give Gress an opportunity to present evidence to establish there were genuine issues of material fact.  The court failed to comply with the requirements of N.D.R.Civ.P. 56, which are applicable when a court summarily dismisses an application for post-conviction relief under N.D.C.C. § 29-32.1-09.  
Berlin v. State
, 2005 ND 110, ¶ 6, 698 N.W.2d 266. 

III 

[¶11] We conclude the district court erred in denying Gress’s motion to withdraw his guilty plea.  We reverse the district court’s order and remand for further proceedings consistent with this opinion. 

[¶12] Mary Muehlen Maring

Daniel J. Crothers

Carol Ronning Kapsner

Gerald W. VandeWalle, C.J. 

Sandstrom, Justice, concurring specially.

[¶13] I would note that the district court acted to dismiss this case on its own before the State could move for summary dismissal.  On the return of this case to district court, the State is not precluded from moving for summary dismissal.

[¶14] Dale V. Sandstrom