Filed 12/7/17 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2017 ND 281

In the Interest of M.R., a child

Jaimee Towers, Assistant State’s

Attorney for Ward County, Petitioner and Appellee

v.

M.R., a child; C.R., mother, Dena Penton,

Guardian Ad Litem, and Christopher Jones,

Executive Director of the ND Department

of Human Services,   Respondents

          and

T.W.R., father, Respondent and Appellant

No. 20170363

In the Interest of P.R., a child

Jaimee Towers, Assistant State’s

Attorney for Ward County, Petitioner and Appellee

v.

P.R., a child; C.R., mother, Dena Penton,

Guardian Ad Litem, and Christopher Jones,

Executive Director of the ND Department

of Human Services, Respondents

          and

T.W.R., father, Respondent and Appellant

No. 20170364

In the Interest of T.R., a child

Jaimee Towers, Assistant State’s

Attorney for Ward County, Petitioner and Appellee

v.

T.R., a child; C.R., mother, Dena Penton,

Guardian Ad Litem, and Christopher Jones,

Executive Director of the ND Department

of Human Services, Respondents

          and

T.W.R., father, Respondent and Appellant

No. 20170365

Appeal from the Juvenile Court of Ward County, North Central Judicial District, the Honorable Connie Sue Portscheller, Judge.

AFFIRMED.

Per Curiam.

Kyle R. Craig, Minot, ND, for respondent and appellant; submitted on brief.

Jaimee F. Towers, Ward County Assistant State’s Attorney, Minot, ND, for petitioner and appellee; submitted on brief.

Interest of M.R., P.R., and T.R.

Nos. 20170363-65

Per Curiam.

[¶1] The father, T.R., appeals from a juvenile court order terminating his parental rights.  The juvenile court found the children were deprived and in foster care for at least 450 out of the previous 660 nights.  N.D.C.C. § 27-20-44(1)(c)(2); 
Interest of A.L.
, 2011 ND 189, ¶¶ 10-11, 803 N.W.2d 597 (concluding the district court did not clearly err in terminating parental rights when evidence supported the conclusion the child was deprived and in the custody of social services for 450 of the previous 660 nights).  T.R. argues the juvenile court did not adequately explain its findings and did not have an evidentiary basis for finding the children deprived.  We summarily affirm under N.D.R.App.P. 35.1(a)(2) and (7).

[¶2] Gerald W. VandeWalle, C.J.

Jon J. Jensen

Jerod E. Tufte

Daniel J. Crothers

Lisa Fair McEvers