# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

2019 ND 188

State of North Dakota,                                          Plaintiff and Appellee

v.

Dennis Shipton,                                          Defendant and Appellant

Nos. 20190040 & 20190041

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

AFFIRMED.

Opinion of the Court by VandeWalle, Chief Justice.

Max W. LaCoursiere, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee; submitted on brief

Dennis Shipton, self-represented, Terre Haute, IN, defendant and appellant; submitted on brief.

**VandeWalle, Chief Justice.**

[¶1]    Dennis Gene Shipton appealed from district court orders summarily dismissing his petition for a writ of error coram nobis and his motion to reconsider. We affirm.

I

[¶2]    In April 1993, Shipton pleaded guilty to possession of methamphetamine with intent to deliver and possession of marijuana with intent to deliver. Pursuant to N.D. Sup. Ct. Admin. R. 19, the case files were destroyed in 2007. Shipton filed a petition for a writ of error coram nobis on October 22, 2018. The petition alleged violations of the Fifth Amendment and ineffective assistance of counsel based on counsel's failure to seek dismissal on the grounds of double jeopardy. Shipton did not allege newly discovered evidence.

[¶3]    In its order, the district court noted that North Dakota does not recognize a writ of error coram nobis and instead would treat the petition as one for post-conviction relief. After applying post-conviction relief standards, the court summarily dismissed Shipton's petition as untimely and frivolous. Shipton filed a motion to reconsider, arguing that the State prejudiced him by prematurely destroying records from his cases. The court denied Shipton's motion.

II

[¶4]    North Dakota "will treat [a petition for writ of error coram nobis] as one for post-conviction relief under Chapter 29-32, North Dakota Century Code, the Uniform Post-Conviction Procedure Act." *State v. Lueder*, 242 N.W.2d 142, 144 (N.D. 1976). Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *Atkins v. State*, 2019 ND 146, ¶ 4, 928 N.W.2d 438. This Court has explained that summary dismissal of an application for post-conviction

1

relief "is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted." *Chase v. State*, 2017 ND 192, ¶ 6, 899 N.W.2d 280. On appeal from a dismissal under N.D.R.Civ.P. 12(b)(6), this Court construes the application in the light most favorable to the applicant, accepting the well-pleaded allegations as true. *Id.* We will affirm a dismissal for failure to state a claim "if it would be impossible for the applicant to prove a claim for which relief can be granted." *Id.* "A petitioner for post-conviction relief has the burden of establishing grounds for post-conviction relief." *Atkins*, at ¶ 4.

[¶5] A petitioner must file an application for post-conviction relief within two years of the date the conviction becomes final. N.D.C.C. § 29-32.1-01(2). An exception to the two-year time limit exists if the petitioner alleges the existence of newly discovered evidence. N.D.C.C. § 29-32.1-01(3)(a)(1). "Post-conviction relief may be granted when 'evidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice.'" *Kovalevich v. State*, 2018 ND 184, ¶ 4, 915 N.W.2d 644 (*quoting* N.D.C.C. § 29-32.1-01(1)(e)). An application alleging newly discovered evidence must be filed within two years of the date the petitioner discovers or reasonably should have discovered the existence of the new evidence. N.D.C.C. § 29-32.1-01(3)(b).


III

[¶6] Shipton bears the burden of establishing grounds for post-conviction relief. *Atkins*, 2019 ND 146, ¶ 4, 928 N.W.2d 438. In this case, Shipton filed his petition twenty-five years after his 1993 convictions. To allow this Court to examine his petition past the two- year statutory limitation for post-conviction relief, Shipton needed to allege newly discovered evidence that, "if proved and reviewed in light of the evidence as a whole, would establish [he] did not engage in the criminal conduct for which [he] was convicted." N.D.C.C. § 29-32.1-01(3)(a)(1). Neither Shipton's petition nor the record suggest newly discovered evidence.

[¶7]    Shipton alleges the destruction of the case files from his 1993 conviction prejudiced him. However, the record shows Shipton was unaware of the destruction of the case files in 2007 when he filed his 2018 petition. Shipton only learned the files had been destroyed when the State noted the destruction in its answer to his petition. More importantly, any evidence included in the 1993 case files would have already been known or reasonably should have been discovered by Shipton. *See* N.D.C.C. § 29-32.1-01(3)(b). No new evidence existed within the case files and the State did not err in destroying the files. Without newly discovered evidence, Shipton has failed to meet his burden for post-conviction relief.


                                    IV

[¶8]    The orders of the district court are affirmed.

[¶9]    Gerald W. VandeWalle, C.J.
        Jon J. Jensen
        Lisa Fair McEvers
        Daniel J. Crothers
        Jerod E. Tufte