# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2021 ND 119

State of North Dakota,                                    Plaintiff and Appellee

    v.

Randy Scott Jensen,                                    Defendant and Appellant

## No. 20200295

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable John A. Thelen, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Kathryn Jund (argued), third-year law student, under the Rule on Limited Practice of Law by Law Students, and Carmell F. Mattison (appeared), Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Monty G. Mertz, Grand Forks, ND, for defendant and appellant.

**Jensen, Chief Justice.**

[¶1]   Randy Scott Jensen appeals from a district court order denying his request to vacate the judgment and seek dismissal of the prosecution. We conclude Jensen's request to vacate and dismiss must be treated as an application for post-conviction relief and is an appealable order. Because Jensen's application did not raise a genuine issue as to any material fact and the State was entitled to a judgment as a matter of law, we affirm the district court's order.

I

[¶2]   On December 27, 2017, the State charged Jensen with possession of controlled substances, possession of drug paraphernalia, and the unlawful use of motor vehicle license plates. Jensen's trial was originally set for April 24, 2018. His trial was rescheduled twice, and the case was ultimately resolved through a bench trial that started on August 7, 2018. Jensen was found guilty on all charges.

[¶3]   On October 2, 2018, Jensen was sentenced to four years of imprisonment with credit for time served prior to his sentencing. Jensen appealed his conviction to this Court. Jensen subsequently filed a motion to voluntarily dismiss the appeal, and the appeal was dismissed. On February 6, 2019, Jensen filed an application for post-conviction relief in district court. Jensen later withdrew his application, and the post-conviction action was dismissed.

[¶4]   On September 17, 2020, Jensen filed a request to vacate the judgment and dismiss the prosecution arguing he was denied his right to a speedy trial. The request was originally filed indicating it was a "motion" under N.D.R.Crim.P. 18(b)(4) and refiled on October 23, 2020 as a "motion" under N.D.R.Crim.P. 48(b)(4). On October 28, 2020, the district court denied Jensen's motion before the State had filed a response. The substance of the court's order, in its entirety, read as follows: "ORDER Rule 48 B-4 Motion/Request is denied." Jensen appeals from the October 28, 2020 order.

1

[¶5] On appeal, Jensen argues the district court erred in denying his request because the court did not have the opportunity to make factual determinations on the issues he raised in his filing; the court did not issue any factual findings or conclusions of law in its order; and the court's order was entered prematurely. Anticipating his request may be determined to have been an application for post-conviction relief, Jensen argues he was entitled to an evidentiary hearing on his claims. The State requests the appeal be dismissed for lack of jurisdiction because the court order denying Jensen's request is not appealable and the State was not properly served with Jensen's "motion."

II

[¶6] The State requests the dismissal of this appeal arguing this Court lacks jurisdiction over the appeal because the denial of a motion brought under N.D.R.Crim.P. 48(b)(4) is not an appealable order. A court order denying a criminal defendant's motion to dismiss the prosecution is not appealable. *See* S*tate v. Gohl*, 477 N.W.2d 205, 207 (N.D. 1991) ("Nothing in section 29–28–06 authorizes an appeal from a denial of a defendant's motion to dismiss the prosecution against him."). Although the State concedes an order denying an application for post-conviction relief is an appealable order, it contends Jensen's "motion" was not titled as an application for post-conviction relief and should not be treated as an application for post-conviction relief.

[¶7] The Uniform Postconviction Procedure Act is the exclusive remedy for collaterally challenging a judgment of a conviction. *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441 (relying on N.D.C.C. § 29-32.1-01(4)). When considering successive applications for post-conviction relief, this Court has held that, "[w]hen a defendant has previously filed an application for post-conviction relief, a subsequent motion filed under the Rules of Criminal Procedure will be treated as an application for post-conviction relief when the motion 'seek[s] to evade the boundaries of post-conviction proceedings.'" *State v. Vogt*, 2019 ND 236, ¶ 7, 933 N.W.2d 916 (quoting *Chase v. State*, 2019 ND 214, ¶ 4, 932 N.W.2d 529); *see Atkins*, at ¶ 11 (treating motion filed under the Rules of Criminal Procedure as a post-conviction relief application after defendant filed two previous post-conviction relief applications); *State v. Gress*,

2011 ND 233, ¶ 6, 807 N.W.2d 567 (treating a motion filed under the Rules of Criminal Procedure as a post-conviction relief application after defendant previously filed a post-conviction relief application).

[¶8] "[T]he remedies under the Rules of Criminal Procedure and the Uniform Postconviction Procedure Act provide similar remedies and co-exist for similar purposes." *Atkins*, 2019 ND 145, ¶ 11. A motion to dismiss the prosecution under N.D.R.Crim.P. 48(b)(4) acts as a vehicle for enforcing the Sixth Amendment right to a speedy trial. N.D.R.Crim.P. 48, Explanatory Note. A similar remedy exists under the Uniform Postconviction Procedure Act where a post-conviction applicant may seek relief upon the ground that their conviction was obtained or sentence was imposed in violation of the state and federal laws or constitutions. N.D.C.C. § 29-32.1-01(1)(a).

[¶9] This Court has held that "[w]e are not bound by a party's label and may look at the substance [of a filing] to determine proper classification." *Tuhy v. Tuhy*, 2018 ND 53, ¶ 20, 907 N.W.2d 351. Prior to filing his current request to vacate and dismiss, Jensen filed an application for post-conviction relief in February 2019. Even though the February 2019 post-conviction application was later withdrawn by Jensen, we do not disregard the previously filed application. Additionally, within his request, Jensen argued he was entitled to relief under N.D.C.C. § 29-32.1-01(1)(a). While we agree with the State's assertion that a district court order denying a criminal defendant's motion to dismiss the prosecution is not appealable, we conclude Jensen's request to vacate and dismiss the prosecution is properly treated as an application for post-conviction relief even though the title of the filing indicated it was a "motion" under N.D.R.Crim.P. 48(b)(4). Because we determine his filing is properly treated as an application for post-conviction relief, we conclude this Court has jurisdiction over Jensen's appeal.

III

[¶10] In his filing, Jensen argued he was denied his statutory and constitutional right to a speedy trial. The district court, on its own initiative, summarily dismissed Jensen's application without providing findings of fact or conclusions of law. On appeal, Jensen argues the court erred in summarily

dismissing his application without issuing findings of fact or conclusions of law, and failing to hold an evidentiary hearing on his claim.

[¶11] Chapter 29-32.1, N.D.C.C., provides the district court authority to dismiss frivolous post-conviction relief applications on its own initiative. *State v. Holkesvig*, 2015 ND 105, ¶ 9, 862 N.W.2d 531. Section 29-32.1-09(1), N.D.C.C., provides:

> The court, on its own motion, may enter a judgment denying a meritless application on any and all issues raised in the application before any response by the state. The court also may summarily deny a second or successive application for similar relief on behalf of the same applicant and may summarily deny any application when the issues raised in the application have previously been decided by the appellate court in the same case.

"The plain language of N.D.C.C. § 29-32.1-09(1) authorizes a court to dismiss an application for post-conviction relief before the State responds and before the applicant presents any evidence supporting his claims if the claims are meritless." *Riak v. State*, 2015 ND 120, ¶ 16, 863 N.W.2d 894 (quoting *Chisholm v. State*, 2014 ND 125, ¶ 14, 848 N.W.2d 703).

[¶12] A district court's summary dismissal of an application for post-conviction relief before a response by the State "is analogous to dismissal of a civil complaint under N.D.R.Civ.P. 12(b) for failure to state a claim upon which relief can be granted." *Atkins v. State*, 2021 ND 83, ¶ 9, 959 N.W.2d 588, reh'g denied (quoting *Chase v. State*, 2017 ND 192, ¶ 6, 899 N.W.2d 280). On appeal from a N.D.R.Civ.P. 12(b)(6) dismissal, this Court construes the application in the light most favorable to the applicant and accepts the well-pleaded allegations as true. *Atkins*, at ¶ 9. "We will affirm a dismissal for failure to state a claim 'if it would be impossible for the applicant to prove a claim for which relief can be granted.'" *State v. Shipton*, 2019 ND 188, ¶ 4, 931 N.W.2d 220 (quoting *Chase*, at ¶ 6). A court's dismissal under N.D.R.Civ.P. 12(b)(6) is reviewed de novo on appeal. *Gaede v. Bertsch*, 2017 ND 69, ¶ 9, 891 N.W.2d 760.

[¶13] Jensen's application seeks post-conviction relief for an alleged violation of his right to a speedy trial. A criminal defendant has the right to a speedy trial under Article I, Section 12, of the North Dakota Constitution, N.D.C.C. § 29-19-02, and the Sixth Amendment to the United States Constitution. If a defendant claims they were not afforded their right to a speedy trial, the defendant may present their claim in a motion to dismiss the case under N.D.R.Crim.P. 48(b). Generally, after a defendant files a motion to dismiss the case, courts apply the four-factor balancing test from *Barker v. Wingo*, 407 U.S. 514, 530 (1972), to determine whether the right to a speedy trial has been denied. *State v. Borland*, 2021 ND 52, ¶ 10, 956 N.W.2d 412.

[¶14] A defendant may waive their speedy trial claim in four ways: "(1) by failing to present the claim prior to or at the trial, (2) by entering a voluntary plea of guilty, (3) by failing to demand a prompt trial, or (4) by expressly consenting to the delay." N.D.R.Crim.P. 48 (explanatory note); *see State v. Wunderlich*, 338 N.W.2d 658, 661 (N.D. 1983). Waiver by failing to present a speedy trial claim prior to or at trial is a procedural rule designed to give finality to criminal convictions and has no relevance to the reasonableness of the delay in bringing the defendant to trial. N.D.R.Crim.P. 48 (explanatory note); *see Koenig v. State*, 2018 ND 59, ¶ 14, 907 N.W.2d 344 ("[U]nder federal law, a defendant's claim that his Sixth Amendment right to speedy trial was violated must be brought before the trial court by a timely motion to dismiss the charges.") (quotation marks and citation omitted).

[¶15] This Court has previously examined speedy trial claims in the absence of a timely motion to dismiss the case for violating a defendant's right to a speedy trial. In *Koenig*, 2018 ND 59, ¶¶ 2, 14-24, we reviewed a defendant's speedy trial claim in the absence of a timely motion to dismiss when the claim was first presented in a post-conviction relief action for ineffective assistance of counsel. We concluded the defendant was not denied effective assistance of counsel because his right to a speedy trial was not violated. *Id.* at ¶ 24.

[¶16] In *State v. Hamre*, 2019 ND 86, ¶¶ 6, 14-15, 924 N.W.2d 776, we reviewed a speedy trial claim where the defendant moved to dismiss the case under N.D.R.Crim.P. 48 even though the motion did not assert a denial of the right

5

to a speedy trial. In *Hamre*, the State did not assert the right to a speedy trial had been waived by the defendant. *Id.* at ¶ 7. The defendant had filed multiple letters with the court, prior to trial and while unrepresented by counsel, asserting his right to a speedy trial. *Id.* at ¶ 5-8. However, the defendant did not file a motion to dismiss the case prior to or at trial specifically alleging he was denied his right to a speedy trial. *Id.* at ¶ 8. We expressly reaffirmed our holding in *Koenig* as follows:

> We have also recognized that under federal law, "a defendant's claim that his Sixth Amendment right to speedy trial was violated must be brought before the trial court by a timely motion to dismiss the charges." *Koenig*, 2018 ND 59, ¶ 14, 907 N.W.2d 344 (citing 5 Wayne R. LaFave et al., *Criminal Procedure* § 18.1(d) (4th ed. 2015)). In *Koenig*, we said that if a defendant fails to move to dismiss and instead either pleads guilty or submits to trial, the speedy trial claim cannot be raised for the first time on appeal. *Koenig*, at ¶ 14 (citing LaFave, at § 18.1(d)). Professor LaFave explains that the failure to raise a speedy trial claim in a motion to dismiss may constitute ineffective assistance of counsel and appellate courts have assessed speedy trial claims in the absence of a timely motion to dismiss in the trial court. LaFave, at § 18.1(d). In *Koenig*, at ¶¶ 2, 14-24, the defendant filed speedy trial requests, but did not move to dismiss the charges for a claimed speedy trial violation; rather, he raised the issue in a post-conviction claim for ineffective assistance of counsel. We concluded the defendant was not denied effective assistance of counsel, because his speedy trial rights were not violated. *Id.* at ¶ 24.

*Id.* at ¶ 13. Our decision in *Hamre* did not abrogate our prior decisions in *Koenig* or *Wunderlich* recognizing that a defendant who fails to move to dismiss and submits to trial, waives their claim asserting a violation of their right to a speedy trial.

[¶17] In this case, the State and Jensen agree Jensen demanded a speedy trial during his arraignment hearing. However, Jensen did not object to the two trial continuances nor did he file a motion to dismiss the case prior to or at his trial. The first time Jensen presented a claim that his right to a speedy trial was violated was approximately two years after the criminal judgment was

entered. Furthermore, while his "motion" under N.D.R.Crim.P. 48(b)(4) is considered an application for post-conviction relief, the sole basis for the application is the allegation he was denied a speedy trial. Unlike the appellant in *Koenig*, Jensen did not allege ineffective assistance of counsel. Because Jensen waived his speedy trial claim by failing to present the claim prior to or at the trial and there was no allegation of ineffective assistance of counsel, Jensen's application for post-conviction relief fails as a matter of law. Under our de novo review, we conclude Jensen waived his speedy trial claim, and it would be impossible for Jensen to prove a claim for which relief can be granted. As such, an evidentiary hearing on his post-conviction application was unnecessary, and summary dismissal was appropriate.

IV

[¶18] Jensen's motion under N.D.R.Crim.P. 48(b)(4) is properly treated as a second application for post-conviction relief, and we have jurisdiction over the district court's order entered on October 28, 2020. Because his application for post-conviction relief was meritless and failed to assert a claim for which relief can be granted, the court did not err in summarily dismissing Jensen's application on its own initiative. We have considered all remaining issues raised, and we conclude they are either without merit or do not affect the outcome of the appeal. We affirm the district court's order summarily dismissing Jensen's second application for post-conviction relief.

[¶19] Jon J. Jensen, C.J.
      Gerald W. VandeWalle
      Daniel J. Crothers
      Lisa Fair McEvers
      Jerod E. Tufte