# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

### 2021 ND 195

James Richard Kremer,                                    Petitioner and Appellant

v.

State of North Dakota,                                   Respondent and Appellee

### No. 20210154

Appeal from the District Court of Ward County, North Central Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Tufte, Justice.

Kiara C. Kraus-Parr, Grand Forks, N.D., for petitioner and appellant.

Christopher W. Nelson, Assistant State's Attorney, Minot, N.D., for respondent and appellee.

**Tufte, Justice.**

[¶1]   James Kremer appeals from an order granting summary dismissal of his application for postconviction relief. We affirm the order, concluding Kremer's claims are barred by the two-year statute of limitations.

I

[¶2]   In February 2016, Kremer pled guilty to three counts of possession of certain materials prohibited. He filed an appeal to this Court, but he later withdrew his appeal. In July 2018, Kremer filed his first application for postconviction relief, arguing that "he received ineffective assistance of counsel and the court 'did not inform [him] of the possibility of restitution, did not ensure that [his] plea was voluntary, did not obtain a factual basis for the plea, and did not get any acknowledgement by [Kremer] regarding the facts.'" *Kremer v. State*, 2020 ND 132, ¶ 4, 945 N.W.2d 279. The district court denied relief, and we affirmed. *Id*. at ¶ 23.

[¶3]   In January 2021, Kremer filed a second application for postconviction relief, arguing ineffective assistance of counsel, actual innocence, prosecutorial misconduct, invalid guilty plea, and an illegal search and seizure leading to his conviction. The State filed a motion to dismiss, arguing that his application for postconviction relief was untimely and that his claims are further barred by res judicata. The district court granted the State's motion and summarily denied his application.

II

[¶4]   "A petitioner must file an application for post-conviction relief within two years of the date the conviction becomes final." *State v. Shipton*, 2019 ND 188, ¶ 5, 931 N.W.2d 220 (citing N.D.C.C. § 29-32.1-01(2)).

> A conviction becomes final . . . when:
> a. The time for appeal of the conviction to the North Dakota supreme court expires;

b.  If an appeal was taken to the North Dakota supreme court, the time for petitioning the United States supreme court for review expires; or

c.  If review was sought in the United States supreme court, the date the supreme court issues a final order in the case.

*Moe v. State*, 2015 ND 93, ¶ 9, 862 N.W.2d 510. There are three exceptions to the two-year statute of limitations, including: "(1) newly discovered evidence, (2) the petitioner establishes that the petitioner suffered from a physical disability or mental disease that precluded timely assertion of the application for relief, or (3) the petitioner asserts a new interpretation of federal or state law is retroactively applicable to the petitioner's case." *Carlson v. State*, 2018 ND 81, ¶ 6, 908 N.W.2d 711 (citing N.D.C.C. § 29-32.1-01(3)(a)).

[¶5]  In this case, Kremer's conviction became final after he withdrew his appeal of the underlying criminal charge to this Court. This Court entered the order of dismissal on September 20, 2016, and the conviction became final 30 days later. Kremer's deadline to file an application for postconviction relief was October 20, 2018. Kremer's second application is well beyond the two-year statute of limitations. Therefore, we must look at whether he falls under one of the three exceptions to the two-year limitation.

[¶6]  Kremer argues a new interpretation of state law exists to allow his application to go forward. He argues this Court set forth a new interpretation of state law in *State v. Atkins*, 2019 ND 145, 928 N.W.2d 441, which would satisfy the exception found in N.D.C.C. § 29-32.1-01(3)(a)(3). He argues that prior to *Atkins*, a defendant was allowed to withdraw a guilty plea at any time to correct a manifest injustice. However, according to Kremer, *Atkins* newly interpreted the two-year statute of limitations to apply to N.D.R.Crim.P. 11(d)(1) motions. Here, Kremer filed an application for postconviction relief seeking to have his "guilty plea [] removed" rather than filing a Rule 11(d)(1) motion. We have treated Rule 11(d) motions to withdraw a guilty plea as the equivalent of a postconviction application seeking the same relief. *Atkins*, 2019 ND 145, ¶¶ 9-11 ("When a defendant applies for post-conviction relief seeking to withdraw a guilty plea, the application is treated as one made under N.D.R.Crim.P. 11(d)."). Kremer argues he has two years from the decision in

*Atkins* to file a postconviction relief application seeking to withdraw his guilty plea, making his January 28, 2021 application timely.

[¶7] Contrary to Kremer's assertions, *Atkins* did not provide a new interpretation of state law. In *Atkins*, the defendant appealed from a district court order denying his motion to withdraw his guilty plea and his motion for a new trial. 2019 ND 145, ¶ 1. This motion was made more than two years after the conviction became final. *Id.* at ¶¶ 3, 8. The defendant argued the district court erred in converting his motion to withdraw his guilty plea into a postconviction relief proceeding. *Id.* at ¶ 1. We agreed with the district court, holding that the motion should be treated as the defendant's third application for postconviction relief. *Id.* at ¶ 11. Our analysis in *Atkins* focused on the multiple mechanisms the defendant had used in an attempt for postconviction relief, including two prior applications for postconviction relief, a motion under N.D.R.Crim.P. 35(a), a motion to dismiss the underlying charge, and a motion to vacate his guilty plea under Rule 11(d)(2). *Id.* at ¶¶ 3–8, 10–11. It was clear that the defendant filed motions under the rules of criminal procedure and in the underlying criminal file to avoid the two-year statute of limitations which would have barred an application for postconviction relief. We concluded "a defendant may not avoid the procedures of the Uniform Postconviction Procedure Act by designating his motion under a rule of criminal procedure or by filing his motion in his criminal file, rather than filing as a new action for post-conviction relief." *Id.* at ¶ 11.

[¶8] We re-emphasized this principle in *State v. Jensen*, stating that "[t]he Uniform Postconviction Procedure Act is the exclusive remedy for collaterally challenging a judgment of a conviction." 2021 ND 119, ¶ 7, 962 N.W.2d 393. "[W]hen a defendant has previously filed an application for post-conviction relief, a subsequent motion filed under the Rules of Criminal Procedure will be treated as an application for post-conviction relief when the motion 'seek[s] to evade the boundaries of post-conviction proceedings.'" *Id.* (quoting *Chase v. State*, 2019 ND 214, ¶ 4, 932 N.W.2d 529).

[¶9] Prior to *Atkins*, this Court had held that a defendant may not evade the rules of postconviction relief proceedings by moving to withdraw a guilty plea

3

under the rules of criminal procedure. *State v. Gress*, 2011 ND 233, 807 N.W.2d 567. In *Gress*, the defendant moved to withdraw his guilty plea after having already filed an application for postconviction relief. *Gress*, at ¶ 6. This Court treated the motion as an application for postconviction relief and applied the rules of the Uniform Postconviction Procedure Act to the defendant's claim. *Gress*, at ¶ 6. *Gress* demonstrates that *Atkins* was not a new interpretation of state law to apply the rules and procedures of the Uniform Postconviction Procedure Act to a motion to withdraw a guilty plea.

[¶10] Section 29-32.1-01(4), N.D.C.C., has remained unchanged since its enactment in 1985. The holding in *Atkins* was based on a plain reading of section 29-32.1-01(4), which provides:

> A proceeding under this chapter is not a substitute for and does not affect any remedy incident to the prosecution in the trial court or direct review of the judgment of conviction or sentence in an appellate court. Except as otherwise provided in this chapter, a proceeding under this chapter replaces all other common law, statutory, or other remedies available before July 1, 1985, for collaterally challenging the validity of the judgment of conviction or sentence. It is to be used exclusively in place of them. A proceeding under this chapter is not available to provide relief for disciplinary measures, custodial treatment, or other violations of civil rights of a convicted person occurring after the imposition of sentence.

2019 ND 145, ¶ 11. The statute of limitations on applications for postconviction relief found in §§ 29-32.1-01(2) and (3) has also remained unchanged since enactment in 2013 as well. *Atkins* did not reverse a prior interpretation of these statutes; it applied the holding of *Gress* and the plain language of the statutes. *Atkins* did not announce a new interpretation of state law within the meaning of N.D.C.C. § 29-32.1-01(3)(a).

[¶11] Kremer's second application for postconviction relief was not filed within two years of his conviction having become final. Furthermore, Kremer fails to show he falls under any of the three exceptions to the two-year statute of

limitations. Therefore, the district court did not err in summarily dismissing his postconviction relief application after finding it untimely.

## III

[¶12] We affirm the district court order summarily dismissing Kremer's application for postconviction relief.

[¶13] Jon J. Jensen, C.J.
  Gerald W. VandeWalle
  Daniel J. Crothers
  Lisa Fair McEvers
  Jerod E. Tufte