# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

### 2023 ND 206

State of North Dakota,

Plaintiff and Appellee

v.

Sean Michael Kovalevich,

Defendant and Appellant

### No. 20230101

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Donald Hager, Judge.

DISMISSED.

Opinion of the Court by Bahr, Justice.

Kathryn R. Jund, Assistant State's Attorney, and Nicholas P. Johnson, third-year law student, under the Rule on Limited Practice of Law by Law Students, Grand Forks, ND, for plaintiff and appellee; submitted on brief.

Sean M. Kovalevich, self-represented, Bismarck, ND, defendant and appellant; submitted on brief.

**Bahr, Justice.**

[¶1]   Sean Kovalevich appeals from a district court order denying his motion to correct an illegal sentence under N.D.R.Crim.P. 35(a). Kovalevich is subject to a pre-filing order prohibiting him from filing "any new litigation or any new documents in existing litigation" without first obtaining leave of the court. We treat the court's current order as denying Kovalevich leave of court to file new documents. Orders denying leave to file are not appealable. We dismiss Kovalevich's appeal.

I

[¶2]   In October 2013, a jury found Kovalevich guilty of two counts of gross sexual imposition and one count of corruption of a minor. The district court sentenced Kovalevich to 30 years in prison with 10 years of supervised probation. We affirmed the conviction on appeal. *State v. Kovalevich*, 2015 ND 11, 858 N.W.2d 625.

[¶3]   In November 2015 and April 2017, Kovalevich filed post-conviction relief applications. The district court denied the applications, which we affirmed on appeal. *Kovalevich v. State*, 2017 ND 40, 891 N.W.2d 778; *Kovalevich v. State*, 2018 ND 184, 915 N.W.2d 644. In September 2018, Kovalevich filed a motion for relief under N.D.R.Civ.P. 60(b), relating to the denial of his April 2017 application, and filed another post-conviction relief application in November 2018, arguing grounds of newly discovered evidence. The court treated his Rule 60(b) motion as an application for post-conviction relief attempting to relitigate issues raised in earlier proceedings, and summarily dismissed both the September 2018 motion and November 2018 application. *Kovalevich v. State*, 2019 ND 210, ¶ 6, 932 N.W.2d 354. We affirmed on appeal. *Id.* at ¶¶ 1, 26.

[¶4]   In August 2019, the district court declared Kovalevich a vexatious litigant under N.D. Sup. Ct. Admin. R. 58, and prohibited him from filing any new litigation or any new documents in existing litigation without first obtaining leave of the court. The pre-filing order states, in relevant part:

Sean Michael Kovalevich is prohibited from filing any new litigation or any new documents in existing litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court in the district where the litigation is proposed to be filed, unless he first files an application with the court requesting leave to file and the court approves such filing. A judge may permit the filing of new litigation or any documents in existing litigation *only if it appears the litigation or document has merit and has not been filed for the purpose of harassment or delay*. If Sean Michael Kovalevich fails to obtain prior written permission before filing new litigation or any documents in existing litigation, the Court may dismiss the action and impose punishment as contempt of court.

(Emphasis added.) *See also* N.D. Sup. Ct. Admin. R. 58(8)(b) ("A court may permit the filing of a document in existing litigation by a vexatious litigant subject to a pre-filing order only if it appears that the document has merit and has not been filed for the purpose of harassment or delay.").

[¶5]  In January 2023, without obtaining prior written permission, Kovalevich filed in the district court a motion to correct illegal sentence under N.D.R.Crim.P. 35(a), in addition to filing a brief supporting the motion and a request for a hearing. The State filed a response opposing the motion.

[¶6]  In March 2023, the district court held a hearing. Kovalevich represented himself at the hearing. At the outset of the hearing, the court acknowledged Kovalevich failed to obtain "prior written permission" before filing his motion. The following exchange occurred:

THE COURT: Okay. This is a Rule 35 motion. Mr. Kovalevich, you are on a pre-filing order requirement. I did not see any pre-filing request with the court to file your motion. Did you, in fact, file such a request through the district court?
MR. KOVALEVICH: I did not. I filed this in the criminal file, Your Honor.
THE COURT: Right. But did you ask the presiding judge, being me, that you could actually file a case in this court?
MR. KOVALEVICH: I did not. My understanding was that that only applied to civil matters.

THE COURT: It applies to all matters. I've reviewed your request, I'm going to hear it, but *in the future you're going to have to follow that vexatious litigant requirement.*
MR. KOVALEVICH: Certainly, Your Honor.

(Emphasis added.)

[¶7] The district court subsequently denied Kovalevich's motion, stating his arguments the sentence was "illegal" or "imposed in an illegal manner" are "without merit[.]" The court further wrote, "The Court finds Kovalevich's sentences are within the statutory range, and the sentencing court did not substantially rely on an impermissible factor."

## II

[¶8] Kovalevich is subject to a vexatious litigant pre-filing order issued under N.D. Sup. Ct. Admin. R. 58. It is undisputed Kovalevich did not comply with the pre-filing order before filing his motion. We must determine whether the pre-filing order applies to Kovalevich's motion to correct illegal sentence and, if it does, the impact of his failure to comply with the pre-filing order.

## A

[¶9] At the time of the 2019 pre-filing order, N.D. Sup. Ct. Admin. R. 58(3)(a) provided, "The presiding judge may enter a pre-filing order prohibiting a vexatious litigant from filing any new litigation or any new documents in existing litigation in the courts of this state as a self-represented party without first obtaining leave of a judge of the court in the district where the litigation is proposed to be filed." Rule 58(2)(a) provided, and still provides, "Litigation means any civil or disciplinary action or proceeding, including any appeal from an administrative agency, any review of a referee order by the district court, and any appeal to the supreme court." On its face, Rule 58 does not apply to criminal actions or documents filed in criminal actions.

[¶10] The Uniform Postconviction Procedure Act is the exclusive remedy for collaterally challenging a judgment of conviction or sentence, *see* N.D.C.C. § 29-32.1-01(4), which this Court has repeatedly held, s*ee, e.g., Kremer v. State,*

2021 ND 195, ¶ 8, 965 N.W.2d 866; *State v. Jensen*, 2021 ND 119, ¶ 7, 962 N.W.2d 393; *Kovalevich*, 2019 ND 210, ¶ 10; *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441. Kovalevich filed his present motion under N.D.R.Crim.P. 35(a), which provides "[t]he sentencing court may correct an illegal sentence at any time. . . ." Section 29-32.1-01(1)(a), N.D.C.C., of the Uniform Postconviction Procedure Act similarly provides a person who has been convicted of and sentenced for a crime may apply for post-conviction relief upon the ground that "the sentence was imposed in violation of the laws . . . of North Dakota." *See also* N.D.C.C. § 29-32.1-01(d) (providing the post-conviction relief ground that "[t]he sentence is not authorized by law"). In *State v. McClary*, this Court discussed the post-conviction remedies under N.D.R.Crim.P. 35(a) and N.D.C.C. § 29-32.1-01(1)(a):

> We have said "these post-conviction remedies co-exist for similar purposes as to illegal sentences," these remedies under comparable provisions of federal law "are often used interchangeably to attack a sentence illegal on its face," and have suggested a motion under the rule or the statute should be "treated as equivalent to a motion under both provisions."

2016 ND 31, ¶ 7, 876 N.W.2d 29 (quoting *State v. Nace*, 371 N.W.2d 129, 131 n.3 (N.D. 1985)); *see also State v. Johnson*, 571 N.W.2d 372, 374-75 (N.D. 1997) (holding second Rule 35(a) motion to correct illegal sentence was barred by misuse of process provision of the Uniform Postconviction Procedure Act); *DeCoteau v. State*, 504 N.W.2d 552, 556 (N.D. 1993) (stating *Nace's* "holding about challenging an illegal sentence by post-conviction proceedings is still sound").

[¶11] While these post-conviction remedies "co-exist for similar purposes" and may be used "interchangeably" to attack an illegal sentence, this Court has also held "a defendant may not avoid the procedures of the Uniform Postconviction Procedure Act by designating his motion under a rule of criminal procedure or by filing his motion in his criminal file, rather than filing as a new [application] for post-conviction relief." *Atkins*, 2019 ND 145, ¶ 11 (relying on N.D.C.C. § 29-32.1-01(4), and concluding defendant's designation of his pleading as a motion to withdraw his guilty plea did not preclude the

4

district court from considering the pleading as a third application for post-conviction relief); *see also Jensen*, 2021 ND 119, ¶ 9 (concluding defendant's "request to vacate and dismiss the prosecution is properly treated as an application for post-conviction relief even though the title of the filing indicated it was a 'motion' under N.D.R.Crim.P. 48(b)(4)"). In *Kremer*, we reiterated, "[W]hen a defendant has previously filed an application for post-conviction relief, a subsequent motion filed under the Rules of Criminal Procedure will be treated as an application for post-conviction relief when the motion 'seek[s] to evade the boundaries of post-conviction proceedings.'" 2021 ND 195, ¶ 8 (quoting *Jensen*, at ¶ 7).

[¶12] This Court is "not bound by a party's label and may look at the substance [of a filing] to determine proper classification." *Jensen*, 2021 ND 119, ¶ 9 (quoting *Tuhy v. Tuhy*, 2018 ND 53, ¶ 20, 907 N.W.2d 351). Kovalevich filed multiple post-conviction relief applications before the district court declared him a vexatious litigant and he filed his present motion under N.D.R.Crim.P. 35(a). Post-conviction relief proceedings are civil in nature. *Wootan v. State*, 2023 ND 151, ¶ 4, 994 N.W.2d 347; *Wheeler v. State*, 2021 ND 182, ¶ 9, 965 N.W.2d 416. Thus, had Kovalevich sought his relief under the post-conviction relief statutes, the district court's leave would have been required to file the documents under the pre-filing order. Kovalevich's present motion, therefore, seeks to evade the boundaries of post-conviction proceedings. As such, the Uniform Postconviction Procedure Act applies, and we treat his motion as an application for post-conviction relief despite Kovalevich denominating his motion as under N.D.R.Crim.P. 35(a).

[¶13] Kovalevich cannot evade the pre-filing order or the procedures of the Uniform Postconviction Procedure Act by designating his motion as being under N.D.R.Crim.P. 35(a). Under the facts of this case, we conclude the pre-filing order applies to Kovalevich's motion to correct illegal sentence under N.D.R.Crim.P. 35(a).

B

[¶14] When a pre-filing order is in effect, a district court must make the required initial determinations whether a particular litigant's proffered papers

will be filed before ruling on the merits of the proposed filing. *See Wheeler*, 2021 ND 182, ¶¶ 7-9; *Everett v. State*, 2020 ND 257, ¶ 9, 952 N.W.2d 95; *Everett v. State*, 2018 ND 114, ¶ 8, 910 N.W.2d 835. We previously explained:

> In *Everett*, 2020 ND 257, ¶ 9; and *Everett*, 2018 ND 114, ¶ 8, despite the order prohibiting new filings without leave of court, the district court addressed the claims raised in the postconviction relief application. We held "the court should not have ruled on the merits of Everett's postconviction relief claims." *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 8. "If orders limiting abusive filings are to have credibility with litigants, it is incumbent on courts to make the required initial determinations whether a particular litigant's proffered papers will be filed. Without judicial adherence to our orders, we have little reason to believe others will comply." *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 9. We treated the orders denying Everett's applications for postconviction relief as denials of a request for leave to file because the court concluded Everett's allegations simply restated arguments that had been rejected in earlier proceedings. *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10. We dismissed the appeals because denial of leave to file is not appealable. *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10.

*Wheeler*, at ¶ 7.

[¶15] Here, the district court did not require Kovalevich to file an application for leave and obtain prior written permission to file the motion, as specifically required by the pre-filing order. Rather, the court heard the motion on the merits without determining on the record if it appears the motion "has merit and has not been filed for the purpose of harassment or delay." N.D. Sup. Ct. Admin. R. 58(8)(b). The court only required Kovalevich comply with the pre-filing order "in the future." We conclude the court erred by not requiring Kovalevich to comply with the pre-filing order.

[¶16] In its order denying the motion, the district court concluded the motion lacked merit because Kovalevich's sentences are within the statutory range and the sentencing court did not substantially rely on an impermissible factor. Based on the court's decision the motion lacked merit, we conclude as a matter

of law Kovalevich did not meet the meritorious claim requirement in the pre-filing order. *See Wheeler*, 2021 ND 182, ¶ 9; *Everett*, 2018 ND 114, ¶ 10. We therefore treat the court's decision denying his motion as a denial of a request for leave to file. A denial of leave to file is not appealable. Accordingly, we dismiss Kovalevich's appeal. *See Wheeler*, 2021 ND 182, ¶ 9; *Everett*, 2020 ND 257, ¶ 9; *Everett*, 2018 ND 114, ¶ 10.

### III

[¶17] We treat Kovalevich's motion to correct illegal sentence as an application for post-conviction relief, which is civil in nature. Because Kovalevich is prohibited from filing any new civil litigation or any new documents in existing civil litigation without leave of the district court, we treat the court's order denying the motion as an order denying Kovalevich leave to file new documents. Orders denying leave to file are not appealable. We dismiss Kovalevich's appeal.

[¶18] Jerod E. Tufte, Acting C.J.
  Daniel J. Crothers
  Lisa Fair McEvers
  Douglas A. Bahr
  Kari M. Agotness, D.J.

[¶19] The Honorable Kari M. Agotness, D.J., sitting in place of Jensen, C.J., disqualified.

7