# IN THE SUPREME COURT
## STATE OF NORTH DAKOTA

2024 ND 231

State of North Dakota,                                                    Plaintiff and Appellee

v.

Matthew Alan Eagleman,                                          Defendant and Appellant

No. 20240176

Appeal from the District Court of Grand Forks County, Northeast Central Judicial District, the Honorable Kristi P. Venhuizen, Judge.

AFFIRMED.

Opinion of the Court by Jensen, Chief Justice.

Justine S. Hesselbart, Assistant State's Attorney, Grand Forks, ND, for plaintiff and appellee.

Kiara C. Kraus-Parr, Grand Forks, ND, for defendant and appellant.

**State v. Eagleman**
**No. 20240176**

**Jensen, Chief Justice.**

[¶1] Matthew Eagleman appeals from a district court's order denying his amended motion for correction of an illegal sentence. Eagleman argues the court erred by not treating his amended motion as an application for postconviction relief, by not addressing all of his claims, and in summarily denying the motion. We conclude the court did not err in treating the amended motion as a request for relief under N.D.R.Crim.P. 35(a) and we affirm the order denying the amended motion.

I

[¶2] In April 2024, Eagleman was charged with the following: (1) reckless endangerment, a class C felony, in violation of N.D.C.C. §§ 12.1-17-03, 12.1-32-01(4); (2) fleeing a peace officer, a class C felony, in violation of N.D.C.C. §§ 39-10-71(1)(b), 39-10-71(2), 12.1-32-01(4); (3) unlawful possession of drug paraphernalia, a class C felony, in violation of N.D.C.C. §§ 19-03.4-03(2), 12.1-32-01(4); and (4) driving under suspension, a class B misdemeanor, in violation of N.D.C.C. §§ 39-06-42(1), 12.1-32-01(6). In May 2024, Eagleman pleaded guilty to all charges, was sentenced, and had a judgment entered against him.

[¶3] In June 2024, Eagleman filed a motion and an amended motion under N.D.R.Crim.P. 35(a) to correct a sentence he claims was illegally imposed on him. The amended motion was titled: "Motion for Amended Supplemental Correction of Illegal Sentence, Rule 35(a)." The amended motion included claims of ineffective assistance of counsel, an improper factual basis leading to an illegal sentence, a coerced plea, and a violation of his due process rights. The State opposed the motion, addressed the illegal sentence argument, and asserted the other claims do not fall under N.D.R.Crim.P. 35(a). The district court issued an order denying Eagleman's motion. Eagleman appealed the order.

1

## II

[¶4] Eagleman argues that despite the title of "Motion for Amended Supplemental Correction of Illegal Sentence, Rule 35(a)," the district court erred in not considering all of his claims, asserting his motion should have been treated as an application for postconviction relief. On appeal, Eagleman failed to raise or brief any issues with regard to his assertion he was entitled to relief from an illegal sentence under Rule 35(a).

[¶5] Postconviction relief proceedings are civil in nature, as such, they are governed by the North Dakota Rules of Civil Procedure. *Wacht v. State*, 2015 ND 154, ¶ 6, 864 N.W.2d 740. "A party . . . bears the burden to correctly label its motion so as to inform the adversary of the nature of the motion and the relief sought." *In re N.C.C.*, 2000 ND 129, ¶ 11, 612 N.W.2d 561; *see* N.D.R.Civ.P. 7(b)(2). Although this Court is "not bound by the district court's label, and may look to the substance of a motion to determine its proper classification," we are not required to look beyond a party's labels. *State v. Moore*, 2010 ND 229, ¶ 7, 791 N.W.2d 376; *In re N.C.C.*, at ¶ 11.

[¶6] We have also previously recognized that "[t]he Uniform Postconviction Procedure Act is the exclusive remedy for collaterally challenging a judgment of conviction or sentence . . . ." *State v. Kovalevich*, 2023 ND 206, ¶ 10, 997 N.W.2d 628.

> While these post-conviction remedies co-exist for similar purposes and may be used interchangeably to attack an illegal sentence, this Court has also held a defendant may not avoid the procedures of the Uniform Postconviction Procedure Act by designating his motion under a rule of criminal procedure or by filing his motion in his criminal file, rather than filing as a new [application] for post-conviction relief.

*Id*. at ¶ 11 (cleaned up). "A plain reading of this provision is that the Uniform Postconviction Procedure Act is to be used exclusively in place of other remedies collaterally challenging the judgment of conviction." *State v. Atkins*, 2019 ND 145, ¶ 11, 928 N.W.2d 441.

[¶7] Eagleman's amended motion sought relief under N.D.R.Crim.P. 35(a). Eagleman did not seek relief under the Uniform Postconviction Procedure Act, or previously seek relief under the Act. While we have previously treated motions filed under the rules of criminal procedure as applications under the Act, we have done so in the limited circumstance where the defendant has filed a previous application for postconviction relief and the filing in the criminal case hints at an attempt to "avoid the procedures of the Uniform Postconviction Procedure Act[.]" *Kovalevich*, 2023 ND 206, ¶¶ 10, 12-13; *see, e.g., Glaum v. State*, 2024 ND 86, ¶¶ 9-10, 6 N.W.3d 603; *State v. Vogt*, 2019 ND 236, ¶ 7, 933 N.W.2d 916; *Van Chase v. State*, 2019 ND 214, ¶¶ 4-5, 932 N.W.2d 529; *Atkins*, 2019 ND 145, ¶¶ 10-11; *State v. Gress*, 2011 ND 233, ¶ 6, 807 N.W.2d 567. Under the circumstances of this case, we conclude the district court did not err in treating Eagleman's amended motion as a request for relief under N.D.R.Crim.P. 35(a).

III

[¶8] On appeal, Eagleman failed to raise or brief any issues with regard to his assertion he was entitled to relief from an illegal sentence under Rule 35(a), N.D.R.Crim.P. The claims asserted by Eagleman were outside the scope of Rule 35(a) and the correction of an illegal sentence, and were collateral attacks on the judgment subject to the exclusive remedy within the Uniform Postconviction Procedure Act. We conclude the district court did not err in declining to address the claims asserted by Eagleman and in summarily dismissing his amended motion.

IV

[¶9]   We affirm the order of the district court denying the amended motion.

[¶10] Jon J. Jensen, C.J.
        Daniel J. Crothers
        Lisa Fair McEvers
        Jerod E. Tufte
        Douglas A. Bahr